COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


JOHN ANTONIO WILSON
                                                OPINION BY
v.    Record No. 1996-99-2      JUDGE SAM W. COLEMAN III
                                             NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Margaret P. Spencer, Judge

              David P. Baugh for appellant.

              Thomas M. McKenna, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     John Antonio Wilson was convicted of distribution of

cocaine.  Wilson entered a conditional guilty plea, reserving the

right to appeal the trial court's denial of his motion to suppress

his post-arrest statements.  The sole issue on appeal is whether

the two-hour delay after Wilson was arrested and before he was

brought before a magistrate violated his Fourth Amendment right to

a prompt judicial determination of probable cause.  Finding no

error, we affirm.

                           BACKGROUND

     At approximately 7:15 p.m., Sergeant Christopher Preuss of

the Virginia Commonwealth University (VCU) Police Department was

conducting surveillance of an off-campus house, which was,

nonetheless, within the jurisdiction of the VCU police department.

Hidden from view and using a telescope, Preuss observed Wilson sitting on the front stoop of his house. An unidentified person approached Wilson, and the two had a brief conversation. The person then handed Wilson some U.S. currency. In turn, Wilson handed the person an object, which he had cupped in his hands, and some U.S. currency.

After the transaction, the person walked away, but he was apprehended a short distance from the scene by Officer Michael O'Berry. After giving the person his Miranda warnings, O'Berry questioned the person and, when confronted, the person admitted he had just purchased cocaine from Wilson and still possessed it. Preuss and three other officers then went to Wilson's house and arrested him for distribution of cocaine within one thousand feet of an elementary school. Wilson was given his Miranda warnings and taken to the VCU police station. Wilson made no incriminating statements at the scene of the arrest.

Preuss testified that while he was processing Wilson at the VCU police station, Wilson made an inculpatory statement. The Commonwealth introduced evidence that Wilson stated:

> He was a drug user, used cocaine to combat depression. He said he did not sell drugs, he could give the police someone who sold weight, that he could get this person to sell to him.
>
> [He] further stated that all but $100 of the $1,130 found on him incident to arrest belonged to his mother and that he was holding the money because she was sick.

He indicated that he had just been paid from his job at an automotive business where he worked 40 hours per week and earned $6.50 an hour.

At the police station, the officers took "extraordinary procedures to try to keep the alleged buyer and [Wilson] apart" so that Wilson and the buyer could not confront each other. After the buyer was "processed," Wilson was "processed." The processing procedure included fingerprinting, photographs, securing the evidence, and completing "numerous amounts of paperwork." Preuss estimated that he kept Wilson at the VCU police station approximately an hour "processing" him before he was transported to the Richmond Sheriff's Department and taken before a magistrate.

Preuss acknowledged that, in an attempt to secure a confession while processing Wilson, he told Wilson that he had observed Wilson selling drugs shortly before arresting him and that the police had also arrested the buyer, who was in custody and in possession of the drugs that Wilson had sold. Preuss further stated that he informed Wilson that Wilson could help himself if he confessed to his involvement in the offense. Although Wilson was required to be present for some of the booking procedures, Preuss admitted that Wilson did not need to be present while Preuss completed some of the paperwork.

Prior to trial, Wilson moved to suppress his inculpatory statements. The trial court denied the motion. Pursuant to Code

§ 19.2-254, Wilson entered a conditional plea of guilty and appealed the denial of his suppression motion.

ANALYSIS

"In considering the trial court's denial of a motion to suppress, the burden is on appellant to show that the court's ruling constituted reversible error." Robinson v. Commonwealth, 31 Va. App. 479, 483, 524 S.E.2d 171, 172 (2000) (citing McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc)). When we review a trial court's denial of a suppression motion, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citing Commonwealth v. Holloway, 9 Va. App. 11, 20, 384 S.E.2d 99, 104 (1989)).

"[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). However, a probable cause determination in a particular case conducted within forty-eight hours "may nonetheless violate

- 4 -

Gerstein, if the arrested individual can prove that his or her probable cause determination was delayed unreasonably." Id.

> Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake. In evaluating whether the delay in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility. Courts cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities.

Id. at 56-57.

We hold that the two-hour delay between the time Wilson was arrested and the time he was brought before the magistrate for a probable cause hearing was not unreasonable under the circumstances. Here, during the time Wilson was detained at the VCU police department, the police officers completed the necessary paperwork, fingerprinted and photographed Wilson, packaged and secured the evidence, and called for a wagon to transport Wilson from the VCU police station to the Richmond Sheriff's Department. Moreover, while the officers were processing Wilson, they took "extraordinary procedures" to keep Wilson and the buyer separated from one another. Although Preuss admitted that while completing the police paperwork and processing procedures he questioned Wilson and made comments to

- 5 -

him in an effort to get Wilson to confess, Wilson has failed to show that the two-hour delay was merely a "ruse" to gather information to justify the arrest. We do not confront a situation where a discrete period of time was devoted to interrogating Wilson to the exclusion of other booking or processing procedures. Preuss' questioning of Wilson took place while he was photographing and fingerprinting Wilson, packaging the evidence, or doing the other necessary paperwork before transporting him to the magistrate. Furthermore, Wilson has failed to show that Preuss' questioning delayed Wilson's presentment to the magistrate.

Because Wilson has failed to show that the two-hour delay in transporting him to the probable cause hearing was unreasonable, the trial court did not err by denying Wilson's motion to suppress his inculpatory statements. We, therefore, affirm the trial court's judgment.

Affirmed.