COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


DEVON LAMONT ALEXANDER

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2886-00-1         JUDGE ROBERT P. FRANK
                                        JUNE 26, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                 H. Vincent Conway, Jr., Judge

          Charles E. Haden for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark. L. Earley, Attorney General, on
          brief), for appellee.


     Devon Lamont Alexander (appellant) was convicted, in a bench

trial, of possession of cocaine with intent to distribute, in

violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in not granting his motion to suppress the drugs.  He

contends the informant's tip was not sufficient to provide

probable cause to arrest him.  Finding no error, we affirm the

judgment of the trial court.

                         I.  BACKGROUND

     At 9:01 p.m. on October 11, 1999, Newport News Police

Sergeant Mark A. Trawitzki received a phone call from a

"confidential informant."  Sergeant Trawitzki had known the

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

informant for several years, and the police had used him as an informant for at least one year. The informant was known to be reliable, and previous information provided by the informant had led to seizures of narcotics and the arrests of approximately 100 suspects for drug and weapons offenses. During the time Sergeant Trawitzki had used the informant, the informant had never provided information that was "unreasonable." The informant had previously been instructed not to call the police with information unless it was based on his personal knowledge and observation.

The informant advised Officer Trawitzki that he had observed a light-skinned black male, who was approximately 6' or 6'1" tall, weighed between 180 and 190 pounds, and was approximately twenty-five years old, with cocaine on his person. The informant said the suspect was wearing a black shirt and blue jeans and would be standing in the area of the 600 block of 41st Street, accompanied by another black male with cornrows in his hair. The informant told Trawitzki the suspect was "somebody that [he] had looked at in the past." Trawitzki had had previous contact with appellant, and the informant was aware that Trawitzki had "looked at" the appellant in the past.

Responding to this tip, Trawitzki arrived at the specified location within two minutes. Trawitzki immediately recognized appellant and saw a black male with cornrows in his hair at the corner, "standing off to the side." Accompanied by Detective Graham, Trawitzki approached appellant. Trawitzki told appellant

-

he had information that appellant was in possession of cocaine and advised him of his <u>Miranda</u> rights. Appellant indicated he understood those rights. Appellant was handcuffed, and Detective Flythe told appellant, "Come on, we need to walk over to the van so I can search your crotch." While walking in the direction of the van, appellant reached into his waistband and removed a plastic bag. Flythe shouted to the other officers present, "He has it in his hands." That bag contained fourteen baggie corners, each of which contained cocaine.

At a suppression hearing, the trial court denied the motion to suppress, finding the officer had probable cause to arrest appellant.

## II. ANALYSIS

Appellant contends the informant's tip did not provide probable cause to arrest him.[1]

> "In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted

---

[1] There was no search pursuant to an arrest since appellant attempted to dispose of the drugs prior to any search. Clearly, if the police had probable cause to arrest, they could search appellant pursuant to that arrest. "'Whether a warrantless arrest was constitutionally valid depends upon whether, at the moment the arrest was made, the officers had probable cause to make it.'" <u>Jefferson v. Commonwealth</u>, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citations omitted). If so, such "arrest of a suspect . . . is a reasonable intrusion under the Fourth Amendment" and, "that intrusion being lawful, a search incident to the arrest requires no additional justification." <u>United States v. Robinson</u>, 414 U.S. 218, 235, 94 S. Ct. 467, 477, 38 L.Ed.2d 427 (1973).

-

reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). "[W]e review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999) (citation omitted). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

Hamlin v. Commonwealth, 33 Va. App. 494, 497-98, 534 S.E.2d 363, 364 (2000), aff'd, 35 Va. App. 375, 545 S.E.2d 556 (2001). "When we review a trial court's denial of a suppression motion, '[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence.'" Wilson v. Commonwealth, 34 Va. App. 25, 29, 537 S.E.2d 608, 610 (2000) (quoting Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citation omitted)).

When making a warrantless arrest, an officer "'may rely upon information received through an informant, rather than upon his direct observations,'" so long as the officer has reasonable grounds to believe that the informant's statement is true. Id. at 242, 103 S.Ct. at 2334 (citation omitted); see also Draper v. United States, 358 U.S. 307, 312-14, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959). Because the value and reliability of information provided by informants to the

-

police varies greatly, the veracity of an informant and the basis of his or her knowledge regarding a particular tip are "relevant considerations" in the totality-of-the-circumstances analysis that guides the determination of probable cause. Gates, 462 U.S. at 232-33, 103 S.Ct. at 2329 (quoting Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972)); see also Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990) (stating that both the content and reliability of information possessed by the police are considered when determining whether the totality of the circumstances justified an officer's determination of probable cause). When reviewing an officer's determination of probable cause based upon information provided by an informant, a court should conduct a "balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending [the] informant's tip." Gates, 462 U.S. at 234, 103 S.Ct. at 2330; see also White, 496 U.S. at 329-30, 110 S.Ct. at 2416.

Jefferson v. Commonwealth, 27 Va. App. 1, 12-13, 497 S.E.2d 474, 479-80 (1998).

"When the factual basis for probable cause is provided by an informer, the informer's (1) veracity, (2) reliability, and (3) basis of knowledge are 'highly relevant' factors in the overall totality-of-the-circumstances probable cause analysis." Russell v. Commonwealth, 33 Va. App. 604, 610, 535 S.E.2d 699, 702 (2000) (citation omitted).

Viewing the "totality-of-the-circumstances," we find that the officer had probable cause to arrest appellant.

"'[P]robable cause is measured against an objective standard.'" Taylor v. Commonwealth, 10 Va. App. 260, 266, 391

-

S.E.2d 592, 595-96 (1990) (citations omitted). It "'exists where "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'" Jefferson, 27 Va. App. at 12, 497 S.E.2d at 479 (citation omitted). "'In assessing an officer's probable cause for making a warrantless arrest, no less strict standards may be applied than are applicable to a magistrate's determination that an arrest warrant should issue.'" Ford, 23 Va. App. at 144, 474 S.E.2d at 851 (citation omitted).

Golden v. Commonwealth, 30 Va. App. 618, 622-23, 519 S.E.2d 378, 380 (1999).

The informant was reliable and Officer Trawitzki had known the informant for "several years." The informant had been a police informant for at least one year. Previous information supplied by the informant had resulted in the arrest of approximately 100 individuals for drug and weapons offenses and in the apprehension of fugitives. He had never given any information that was "unreasonable."

Further, the informant had been instructed not to call with a tip unless he had personal knowledge of the criminal activity through observation. The informant also told Officer Trawitzki that he personally observed the suspect possessing the drugs. See Spinelli v. United States, 393 U.S. 410, 416 (1969), abrogated on other grounds by Illinois v. Gates, 462 U.S. 213, 238 (1983) (stating that an informant's statement that he

-

"personally observed" the criminal activity disclosed by him would sufficiently establish his basis of knowledge).

Additionally, the informant described the suspect and his clothing and indicated the suspect "would be standing" in the 600 block of 41st Street with a "second black male" with cornrows in his hair. Within two minutes after receiving the phone call from the informant, Officer Trawitzki went to the location and observed appellant, who fit the description given by the informant. A black male with cornrows was "standing off to the side."

During the phone conversation with Officer Trawitzki, the informant told the officer that the suspect "was somebody that [he] had looked at in the past." However, appellant's name was not mentioned. Officer Trawitzki testified that the informant was aware that he had "looked at" appellant in the past. When Officer Trawitzki went to the location, he immediately recognized the suspect as appellant.

In "applying the totality of the circumstances analysis," the United States Supreme Court has "consistently recognized the value of corroboration of details of an informant's tip by independent police work." Gates, 462 U.S. at 241.

Much of the informant's tip was corroborated by Officer Trawitzki at the scene. The description of appellant's physical appearance and clothing matched. Within two minutes after the tip, appellant was at the location indicated by the informant,

-

as was the man with cornrows.  But more significantly, the informant said that the suspect was someone who Officer Trawitzki had "looked at" in the past.  The officer immediately recognized appellant as one who he had been investigating in the past.

Thus, the evidence clearly indicates the informant's basis of knowledge, reliability and veracity and the subsequent corroboration of the details provided probable cause for the arrest.  Therefore, for these reasons, we find the trial court did not err in denying appellant's motion to suppress and, accordingly, we affirm the judgment of the trial court.

Affirmed.

-