**Salem**

WILLIAM JEFFERY CALDWELL

v.

COMMONWEALTH OF VIRGINIA

No. 2004-91-3

Decided January 5, 1993

COUNSEL

Joseph Graham Painter, Jr., for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his grand larceny conviction, the appellant, William Jeffery Caldwell, contends that the trial court erred in denying his motion to suppress evidence of stolen property seized upon the warrantless search of his residence. We find no error and affirm the judgment of the trial court.

 "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). "[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed." *Yates v. Commonwealth*, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987).

On December 1, 1990, Caldwell's sister, Linda Patrick, contacted Officer Richard T. Jones of the Radford Police Department about a house in the Belspring area of Pulaski County belonging to her mother, Clara Caldwell, who had moved to Texas. Ms. Patrick had a key to the house, and she said that her mother had left her in charge of it. She reported that she had seen in the house property that she believed was stolen, and she asked that the police investigate. She took Officer Jones and two Pulaski County deputy sheriffs to the residence. They were accompanied by Russell Caldwell, the appellant's brother, who stated that he also had access to the property. Caldwell consented to the search after being told that a search warrant had issued. However, no search warrant had been obtained. The officers entered the premises upon Linda Patrick's request and upon her assurance that she had control over the property and authority to permit their entry. At that time, they did not know that the appellant, William Jeffery Caldwell, lived there.

Upon entering the house, the police found and seized various items of property that they identified as stolen. Upon learning that the appellant, Caldwell, lived there, they charged him with theft of those items. Caldwell moved to suppress the seized items as evidence on the ground that the warrantless entry and search of his residence, without his consent, violated his rights under the Fourth Amendment. This appeal addresses the denial of that motion.

> Where consent is freely and voluntarily given, probable cause and a search warrant are not required. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). . . . [T]he burden is on the Commonwealth to prove the voluntariness of the consent. Whether the consent [to a search] was freely given is a question of fact to be determined from "the totality of all the circumstances."

*Limonja v. Commonwealth*, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989) (en banc) (citation omitted), *cert. denied*, 495 U.S. 905 (1990).

Caldwell contends that the consent exception to the warrant requirement does not apply in this case. He argues that Russell Caldwell's consent, given after he was told that a warrant had issued, was not voluntary, but was merely responsive to that assertion of authority. He further argues that Linda Patrick, a non-occupant of the property, lacked authority to give consent that would supersede his rights as an occupant. Because we find Linda Patrick's consent sufficient to authorize the entry and search, we need not address the sufficiency of Russell Caldwell's consent.

■ Caldwell's argument with respect to Linda Patrick's consent is contrary to established authority. A warrantless entry does not violate the Fourth Amendment's proscription of unreasonable searches and seizures when it is based upon the consent of a third party whom the police, at the time of entry, reasonably believe to possess common authority over the premises, even though that party does not, in fact, possess such authority. *Illinois v. Rodriquez*, 497 U.S. 177, 181 (1990).

In *Rodriquez*, officers, who did not have an arrest or search warrant, gained entry to Rodriquez's apartment with the assistance of Gail Fischer, who represented that the apartment was "our[s]." She said that she had property there, unlocked the door with her key, and gave the officers permission to enter. In fact, Ms. Fischer did not have common authority over the apartment. She was not named on the lease and

had earlier moved away. Holding her display of apparent authority sufficient to authorize the entry and search, the Supreme Court said:

> It is apparent that in order to satisfy the "reasonableness" requirement of the Fourth Amendment, what is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable.
>
> * * *
>
> We see no reason to depart from this general rule with respect to facts bearing upon the authority to consent to a search. Whether the basis for such authority exists is the sort of recurring factual question to which law enforcement officials must be expected to apply their judgment; and all the Fourth Amendment requires is that they answer it reasonably.
>
> * * *
>
> As with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged against an objective standard: would the facts available to the officer at the moment . . . 'warrant a man of reasonable caution in the belief' " that the consenting party had authority over the premises?

*Id.* at 188 (citation omitted).

The trial court found that Officer Jones and the Pulaski officers acted reasonably in believing that Linda Patrick had general control over the property and the authority to consent to their entry and search. The record supports this finding. The judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.