## Richmond

RONALD SAMUEL JONES

v.

COMMONWEALTH OF VIRIGNIA

No. 2171-91-2

Decided July 13, 1993

726

COUNSEL

Jody Ann Jacobson, Assistant Public Defender (David J. Johnson, Richmond Public Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Ronald Samuel Jones appeals from his conviction for possession of cocaine with intent to distribute. He argues that the trial court erred in refusing to suppress the cocaine found in his motel room during a warrantless search resulting from a maid's tip. On appeal, the burden is on appellant to show, considering the evidence in the light most favorable to the Commonwealth, that the denial of the motion to suppress constituted reversible error. *See Fore v. Commonwealth,* 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied,* 449 U.S. 1017 (1980). For the reasons set forth below, we hold that appellant failed to meet that burden, and we affirm his conviction.

## I.

On March 25, 1991, Richmond Police Detective Holston received information that a maid at the Richmond Motel had found "suspected narcotics" in room 57 of the motel. When he arrived at the motel, there were no cars in the parking lot, and the doors to room 57 and the adjacent rooms were open as if they were being cleaned. From outside room 57, Holston could see no luggage or other personal items. He testified that these facts led him to conclude that room 57 was vacant.

After identifying himself to the maid, whom he met at the entrance to room 57, he followed her inside, and she showed him what she believed to be narcotics hidden in the room's air conditioner. Holston testified that he could not see the narcotics until after he had entered the room. After seizing the cocaine, he went to the front desk to "inquire[] as to whether the room was registered." Upon discovering that it was still registered to appellant, Holston obtained a warrant. He testified that it was his "assumption" prior to the search and seizure of the cocaine "that [the room] was not being occupied."

Appellant moved to suppress the cocaine as the product of an unconstitutional search, but the trial court twice denied his motion. Appellant then pleaded guilty to the charge pursuant to a plea agreement whereby his right to file a petition for appeal of the court's ruling on his motion to suppress was preserved.

## II.

In assessing the propriety of the trial court's ruling, we keep in mind that the Fourth Amendment does not proscribe all searches and seizures, only those that are "unreasonable." *Terry v. Ohio*, 392 U.S. 1, 9 (1968). This reasonableness requirement generally prohibits the warrantless entry of a person's home or motel room, in which one has a reasonable expectation of privacy. *Stoner v. California*, 376 U.S. 483, 490 (1964); *Servis v. Commonwealth*, 6 Va. App. 507, 514, 371 S.E.2d 156, 159 (1988). "[It] does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises." *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990) (citations omitted). In addition, even if that party does not have actual authority to consent, apparent authority may be sufficient if the facts surrounding the situation would have led a reasonable officer to conclude that the person providing consent had the requisite

authority. *Id.* at 186-88; *Caldwell v. Commonwealth*, 15 Va. App. 540, 542, 425 S.E.2d 534, 535-36 (1993). "Whether the basis for such authority exists is the sort of recurring factual question to which law enforcement officials must be expected to apply their judgment; and all the Fourth Amendment requires is that they answer it reasonably." *Rodriguez*, 497 U.S at 186.

Clearly, the maid, even as an agent of the owner of the premises, lacked actual authority to consent to the search.

> Common authority is . . . not to be implied from the mere property interest a third party has in the property. . . . [It] rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974) (citations omitted). As long as the room was registered to a guest, only that guest could relinquish his reasonable expectation of privacy by providing actual authority or consent to a search of the premises. *See Stoner*, 376 U.S. at 487-89 (holding that hotel clerk could not validly consent to search of guest's room).

■ The key issue in this case is whether *apparent* authority existed. We must determine whether Officer Holston could reasonably have believed that the room was vacant such that the maid had the authority to consent to the search. *See, e.g., People v. Vought*, 528 N.E.2d 1095, 1099 (Ill. Ct. App. 1988), *cert. denied*, 492 U.S. 911 (1989) (hotel manager's consent provides authority for search of vacant hotel room). We keep in mind the Supreme Court's admonition in *Illinois v. Rodriguez*, that "law enforcement officers may [not] always accept a person's invitation to enter the premises. Even when the invitation is accompanied by an explicit assertion [of authority], the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry." 497 U.S. at 188. In assessing that situation,

> [a]s with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged

against an objective standard: would the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief'' that the consenting party had authority over the premises? If not, then warrantless entry without further inquiry is unlawful unless authority actually exists.

*Id.* at 188-89 (quoting *Terry*, 392 U.S. at 21-22).

We conclude, under the test set forth in *Rodriguez*, that an officer in Holston's position could reasonably have believed, based on ''the facts available to [him] at the moment,'' that room 57 was no longer being occupied by a guest and that the maid had authority to consent to a search of the room. Although Holston did not check at the front desk or expressly ask the maid whether the room was still occupied, additional facts made it reasonable for him to conclude that it was not occupied. Holston testified that when he arrived at the motel he saw no cars in the parking lot near room 57. In addition, the doors to room 57 and several surrounding rooms were open as if the rooms were being cleaned. Finally, he could see no personal effects while standing outside the doorway to room 57. These facts, taken together, made it reasonable for Holston to conclude that room 57 was no longer occupied.

The mere fact that Holston's conclusion was wrong does not make it unreasonable. ''The 'reasonableness' of a particular [action under the Fourth Amendment] must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'' *Graham v. Connor*, 490 U.S. 386, 396 (1989) (evaluating reasonableness of use of police force) (citing *Terry*, 392 U.S. at 20-22). ''[W]hat is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable.'' *Rodriguez*, 497 U.S. at 185-86 (citation omitted).

For the reasons set forth above, we conclude that the trial court did not err in denying appellant's motion to suppress. Accordingly, we affirm his conviction.

*Affirmed.*

Coleman, J., and Willis, J., concurred.