COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Humphreys
Argued at Chesapeake, Virginia


JOSEPH LEROY BRYANT

OPINION BY
v.    Record No. 1924-01-1          JUDGE ROBERT J. HUMPHREYS
                                    DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

William R. Giessuebel, Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Amy L. Marshall, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Joseph Leroy Bryant appeals his conviction, upon a

conditional plea of guilty, for possession of an imitation

controlled substance with the intent to distribute, in violation

of Code § 18.2-248.  Bryant contends the trial court erred in

denying his motion to suppress the evidence against him.

Specifically, Bryant argues that a statement, upon which the

trial court based its decision, constituted hearsay.  For the

reasons that follow, we affirm the judgment of the trial court.

I.  BACKGROUND

Prior to his trial on the charge of possession of an

imitation controlled substance with intent to distribute, Bryant

filed a motion to suppress evidence obtained as a result of a search of his hotel room. During the hearing on the motion, Officer Ryan Arnold of the Virginia Beach Police Department testified that on June 21, 2001, he was approached by a man who informed him that he had just been at the Regency Hotel on 23rd and Atlantic Avenue and that occupants of Room 107 had attempted to sell him cocaine. The man told Officer Arnold that a couple of men and a woman were in the room.

Officer Arnold proceeded immediately to Room 107 of the Regency Hotel and knocked on the door. Officer Arnold testified that as he knocked, he could hear people moving around inside. After the third knock, a man opened the door. Officer Arnold observed three men and a woman inside. Arnold identified himself, explained why he was there, and asked the occupants "who was registered to the room." Fred Klepsattel, an occupant of the room, responded that the room was registered in his name. Bryant stipulated the room was registered to Klepsattel, as well as himself.

Officer Arnold again explained to Klepsattel "that [he] had gotten a complaint about possible drug activity going on." Officer Arnold then asked Klepsattel and the other occupants if they knew of any such activity. Arnold testified that "everybody in the room stated no." He then asked Klepsattel for his consent to search the room, and testified that Klepsattel responded,

-

"Yes, you can search the whole place." Bryant objected to Arnold's testimony about Klepsattel's response.

During the search, Officer Arnold found Bryant in the bathroom. Arnold testified that he found substances resembling narcotics and drug paraphernalia in the bathroom and other areas of the hotel room, including a duffel bag in a closet containing Bryant's clothing. He then arrested Bryant on the charge at issue.

At the suppression hearing, Bryant contended that Klepsattel's statement, giving Arnold consent to search the hotel room, constituted hearsay. Accordingly, because Klepsattle did not testify at the hearing, he argued the Commonwealth could not prove the requisite consent to search. Furthermore, Bryant contended the Commonwealth also failed to prove Klepsattel had authority to give Officer Arnold consent to search the room. The Commonwealth responded that Arnold's testimony as to Klepsattel's statement consenting to the search was not being offered for the truth of the matter asserted and, therefore, was not hearsay.

The trial court took the matter under advisement until the end of the hearing. At that time, and without specifically ruling on the objection, the trial court denied Bryant's motion to suppress, holding:

> So just like in Jones [v. Commonwealth, 16 Va. App. 725, 423 S.E.2d 517 (1993)], the key issue here is whether apparent authority existed and as I have already indicated, based upon the testimony of the police

-

officer, [Klepsattel] had the apparent authority to give consent to search the premises since he had identified himself as being the person to whom the room was registered.  This, of course, was confirmed later by the police officer.

\*     \*     \*     \*     \*     \*     \*

[T]he issue regarding the statement then is . . . does not have anything to do with the truth of the statement.  It has solely to do with whether or not the statement was made, whether or not [Klepsattel] told the police officer that he had consent to search because that is one of the keys which would go into determining whether or not the officer had the apparent authority.

I find when you consider both of those factors, that the police officer . . . [Klepsattel] had the apparent authority and the police officer could reasonably rely on [Klepsattel's] statement in order to conduct the search of the motel room; and I'm going to deny the motion to suppress.

## II.  Analysis

When we review a trial court's denial of a suppression motion, "[w]e view the evidence in a light most favorable to . . . the prevailing party below, and we grant all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991) (citation omitted).  In our review, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)).  "However,

-

we consider de novo whether those facts implicate the Fourth Amendment and, if so, whether the officers unlawfully infringed upon an area protected by the Fourth Amendment." Shaver v. Commonwealth, 30 Va. App. 789, 794-95, 520 S.E.2d 393, 396 (1999).

We note first that the Fourth Amendment does not proscribe all searches and seizures, only those which are unreasonable. Terry v. Ohio, 392 U.S. 1, 9 (1968). "This reasonableness requirement generally prohibits the warrantless entry of a person's home or motel room, in which one has a reasonable expectation of privacy . . . . '[It] does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the premises.'" Jones, 16 Va. App. at 727, 432 S.E.2d at 518-19 (quoting Illinois v. Rodriguez, 497 U.S. 177, 181 (1990)).

Moreover, even if the party giving consent does not have actual authority to consent, "apparent authority" may be sufficient, if the circumstances would lead a reasonable officer to conclude that the person providing consent had the requisite authority to do so. Id. at 727-28, 432 S.E.2d at 519 (citing Rodriguez, 497 U.S. at 186-88; Caldwell v. Commonwealth, 15 Va. App. 540, 542, 425 S.E.2d 534, 535-36 (1993)). Thus, as in all Fourth Amendment cases, the touchstone here is "reasonableness under the facts and circumstances of the case."

-

<u>Weathers v. Commonwealth</u>, 32 Va. App. 652, 658, 529 S.E.2d 847, 850 (2000); <u>see also</u> <u>Deer v. Commonwealth</u>, 17 Va. App. 730, 734, 441 S.E.2d 33, 36 (1994) (holding that inquiry must focus on objective reasonableness rather than on officer's subjective intent).  Indeed, in <u>Rodriguez</u>, the United States Supreme Court held:

> [a]s with other factual determinations bearing upon search and seizure, determination of consent to enter must "be judged against an objective standard:  would the facts available to the officer at the moment . . . 'warrant a man of reasonable caution in the belief'" that the consenting party had authority over the premises?  If not, then warrantless entry without further inquiry is unlawful unless authority actually exists.  But if so, the search is valid.

497 U.S. at 188-89 (quoting <u>Terry</u>, 392 U.S. at 21-22).[1]

In his brief on appeal, Bryant's sole "Question Presented" is that the trial court erred "in denying [Bryant's] motion to suppress because of inadmissible hearsay evidence."  The record reflects that the only relevant hearsay objection Bryant raised was with regard to Officer Arnold's testimony that Klepsattel

---

[1] In <u>Rodriguez</u> the United States Supreme Court also admonished that "law enforcement officers may [not] always accept a person's invitation to enter the premises.  Even when the invitation is accompanied by an explicit assertion [of authority], the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry."  497 U.S. at 188.

-

told him "Yes, you can search the whole place."  Accordingly, Bryant argues the Commonwealth failed to prove valid consent to search the room, because the Commonwealth's only evidence of consent came through the hearsay testimony of Officer Arnold.  We disagree.

Professor Charles E. Friend states, "the simplest definition of hearsay [is] 'testimony of a witness in court about statements made out of court[,] by another person.'"  Charles E. Friend, The Law of Evidence in Virginia § 18-1 (5th ed. 1999).  Similarly, the Supreme Court of Virginia has defined hearsay as "'[a] term applied to that species of testimony given by a witness who relates, not what he knows personally, but what others have told him, or what he has heard said by others,'" Cross v. Commonwealth, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953) (quoting Black's Law Dictionary (De Luxe Edition), p. 882), and "testimony which consists [of] a narration by one person of matters told him by another."  Williams v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958).

However, "[i]f the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule."  Evans-Smith v. Commonwealth, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987).  Therefore, unless a statement is offered to show its truth, the out-of-court statement is not subject to the rule against hearsay and is admissible if relevant.  Church

-

*v. Commonwealth*, 230 Va. 208, 212, 335 S.E.2d 823, 826 (1985). "Determining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence." Swain v. Commonwealth, 28 Va. App. 555, 559, 507 S.E.2d 116, 118 (1998).

Bryant avers that Klepsattel's out-of-court statement to Officer Arnold was offered by the Commonwealth to prove the truth of the matter asserted, that being the fact that Klepsattel consented to the search; thus, he argues Officer Arnold's testimony to that effect constituted inadmissible hearsay. However, as set forth in the above discussion of Fourth Amendment jurisprudence, the factual truth of Kelpsattel's statement providing consent was irrelevant. Instead, the pertinent inquiry before the trial court was whether the facts available to Officer Arnold, at that time, would have warranted a person of reasonable caution to believe that Klepsattel could and did, consent to the search. See Rodriguez, 497 U.S. at 188-89.

On this record, we find that the trial court properly reasoned that Klepsattel's statement was not introduced to establish the truth of the statement, but only to establish that the statement was made. The making of the statement, and not the truth of the statement, provides a context for the validity of Officer Arnold's subsequent search. Indeed, because the relevant analysis turned upon the reasonableness of Officer Arnold's

-

actions, the only necessary issue before the court was whether the statement was in fact made, and whether in conjunction with the other circumstances, a reasonable officer would have concluded that he had been granted valid consent to search the room, by someone competent to grant such consent. See Rodriguez, 497 U.S. at 185-86 ("[W]hat is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable."). Therefore, because Klepsattel's statement was offered for the mere purpose of explaining and providing a context for Officer Arnold's subsequent conduct in searching the room, we find that Officer Arnold's in-court testimony relaying the statement did not constitute hearsay. See Hamm v. Commonwealth, 16 Va. App. 150, 156, 428 S.E.2d 517, 521 (1993) ("It is well established that if a statement is offered, not for its truth, but to explain the declarant's conduct, or that of the person to whom the statement was made, the statement is not objectionable as hearsay.").

Bryant also contends that the trial court erred in finding Klepsattel possessed the requisite "apparent authority" to grant consent to search the room. Once again, we disagree.

We first note Bryant stipulated that the room was registered to him and Klepsattel. That stipulation proved that Klepsattel had actual authority to consent to a search. See United States v. Matlock, 415 U.S. 164, 171 (1974) ("[P]ermission to search

-

[may be] obtained from a third party who possesse[s] common authority over or other sufficient relationship to the premises or effects sought to be inspected."); see also Mitchell v. State, 391 So. 2d 1069 (Ala. Crim. App. 1980) (holding police can lawfully search a motel room without a warrant pursuant to the consent of the person in whose name the room is registered); Gildea v. State, 360 S.E.2d 657 (Ga. Ct. App. 1987) (holding that an individual who shared a motel room with the accused, could validly consent to the warrantless search of the room).

Nevertheless, the evidence likewise established that at the time he conducted the search, Officer Arnold reasonably believed that Klepsattel possessed the requisite authority to offer consent. When Officer Arnold arrived at the hotel room, he observed that Klepsattel was an occupant of the room. Klepsattel told Officer Arnold that the room was registered in his name, and none of the other occupants of the hotel room contradicted his statement. In addition, when Arnold asked for permission to search the room, Klepsattel responded as if he had authority over the premises, stating, "Yes, you can search the whole place." Indeed, no evidence available to Officer Arnold at that time suggested that Arnold's reliance upon Klepsattel's assertion would have been misplaced. Thus, because the relevant issue before the trial court was whether the totality of the circumstances would have "'warrant[ed] a man of reasonable caution in the belief'" that Klepsattel, the consenting party,

-

had authority over the premises, we find there was more than sufficient evidence to support the trial court's determination that Officer Arnold reasonably believed Klepsattel had apparent authority to consent to a search of the room. Rodriguez, 497 U.S. at 188-89 (quoting Terry, 392 U.S. at 21-22).

Accordingly, we find that Officer Arnold's testimony concerning Klepsattel's statement was properly admitted and, in conjunction with the other circumstances, it established his reasonable belief that Klepsattel possessed the requisite authority to consent to a search of the room. Therefore, we find no error in the trial court's ruling denying Bryant's motion to suppress and, we affirm the trial court's judgment.

Affirmed.

-