COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Senior Judge Willis
Argued By teleconference


COMMONWEALTH OF VIRGINIA

                                        MEMORANDUM OPINION[*] BY

v.    Record No. 2308-02-1        JUDGE D. ARTHUR KELSEY
                                          FEBRUARY 25, 2003

RODNEY COURTNEY ROGERS


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles E. Poston, Judge

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellant.

David W. Bouchard for appellee.


The Commonwealth appeals the trial court's decision to suppress evidence discovered during a warrantless search of a vehicle recently occupied by Rodney Courtney Rogers. Though the trial court found that the police officers had probable cause to believe the vehicle contained narcotics, the court found the search unlawful because no "exigent circumstances" existed. For the following reasons, we reverse.

I.

On appeal from a denial of a suppression motion, we review the evidence in the light most favorable to the Commonwealth,

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

giving it the benefit of any reasonable inferences.  Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000); see also Bryant v. Commonwealth, 39 Va. App. 465, 470-71, 573 S.E.2d 332, 334-35 (2002).

In September 2001, Officer Robert Dickason of the Norfolk Police Department began receiving information from three confidential informants asserting that Rogers was engaged in drug distribution.  Dickason had worked with the informants in the past and had made arrests based on information provided by two of the informants.  One of these informants had made controlled buys for Dickason.

All three informants provided information that Rogers, operating out of a "white van or a white BMW," would "sell heroin and cocaine, mainly heroin."  They informed Dickason that Rogers would "keep heroin up his sleeve, his left sleeve in particular."  "Once he was finished dealing what he had up in his sleeve, he would go back to his vehicle — whether it be the van or the BMW — and recover more out of there and slip it up his sleeve and then walk back to wherever he was going to be selling at."

On February 25, 2002, a fourth informant approached Dickason and agreed to make a controlled purchase from Rogers. Although Dickason had never worked with this informant, the informant corroborated what Dickason had been told about the mode of drug distribution used by Rogers.  This informant called

-

Rogers in Dickason's presence and set up a meeting with Rogers (15 minutes after the call) at a McDonald's restaurant to purchase heroin. As Officer Dickason and his partner arrived at the restaurant, they observed Rogers "pull his van into the Taco Bell lot which is just west of the McDonalds." They watched Rogers exit the van and walk toward the McDonalds. The officers pulled in behind the van, verified the license plates, and observed Rogers returning to the van.

The officers confronted Rogers and identified themselves. After his partner patted Rogers down, Officer Dickason "went immediately to his left sleeve . . . grabbed his left sleeve" and "felt something other than his clothing." Upon unrolling the sleeve, Dickason found "three caps of suspected heroin" in a yellow tissue. The officers arrested Rogers, advised him of his Miranda rights, and asked for consent to search his van. Rogers declined.

The officers called for a narcotics dog and waited "30 to 45 minutes" for the dog to arrive. After arriving at the scene, Officer Maurice Joseph walked his trained narcotics dog, Ace, around "the exterior of the vehicle." Ace "made an alert to the passenger-side door seam." When the officers opened the van's doors, Ace "alerted to a briefcase that was behind the driver's seat in the rear passenger area." The officers seized the briefcase which contained cocaine and heroin.

-

A grand jury indicted Rogers on one count of possession of cocaine with intent to distribute and one count of possession of heroin with intent to distribute. Rogers filed a motion to suppress the evidence found during the officers' searches. The trial court denied the motion to suppress the evidence found on his person, but granted the motion to exclude any evidence of the narcotics found in the van.

Despite finding that the officers had probable cause to search the vehicle, the trial court suppressed the evidence because "there were no exigent circumstances" justifying a warrantless search. In particular, the court noted, there was "no danger of flight," "no danger that the evidence would disappear or be compromised in any way," and the officers had "ample time to obtain a warrant."

The Commonwealth filed this interlocutory appeal pursuant to Code § 19.2-398(A)(2) contending that the trial court erred as a matter of law in requiring a showing of exigent circumstances to justify the warrantless search of the vehicle.

II.

Though the ultimate question whether the officers violated the Fourth Amendment triggers de novo scrutiny on appeal, the trial court's findings of "historical fact" bind us due to the weight we give "to the inferences drawn from those facts by resident judges and local law enforcement officers." Davis v.

-

<u>Commonwealth</u>, 37 Va. App. 421, 429, 559 S.E.2d 374, 378 (2002) (citing <u>Neal v. Commonwealth</u>, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998)).

For purposes of this appeal, however, the parties do not dispute the historical facts. Rogers concedes that probable cause existed to search the van for drugs. <u>See</u> <u>generally</u> <u>Alvarez v. Commonwealth</u>, 24 Va. App. 768, 773-76, 485 S.E.2d 646, 648-50 (1997) (finding probable cause to search where dog alerted on package in cargo bay of bus).[1] He also takes no issue with the potential mobility of the parked van. Instead, Rogers argues that the Fourth Amendment requires a separate showing of exigent circumstances before the officers could conduct a warrantless search of his vehicle. We disagree.

As the United States Supreme Court has held, "under our established precedent, the 'automobile exception' has no separate exigency requirement." <u>Maryland v. Dyson</u>, 527 U.S. 465, 467 (1999) (<u>per</u> <u>curiam</u>); <u>see</u> <u>also</u> <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 940 (1996) (<u>per</u> <u>curiam</u>) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more."). A vehicle search may be conducted if based on "facts that would justify the issuance of a warrant,

---

[1] Rogers contested probable cause in his brief, but conceded the issue during oral argument.

-

'even though a warrant has not been actually obtained.'" Dyson, 527 U.S. at 467 (quoting United States v. Ross, 456 U.S. 798, 809 (1982)) (emphasis omitted).  The exception rests on the inherent mobility of vehicles, as well as the observation that "the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office." California v. Carney, 471 U.S. 386, 391 (1985) (quoting South Dakota v. Opperman, 428 U.S. 364, 367 (1976)).

We acknowledge that the Virginia Supreme Court in McCary v. Commonwealth, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984), restated the automobile exception as requiring "both probable cause to believe the car contains evidence of crime and exigent circumstances."  Despite this seemingly unqualified statement, however, McCary went on to add this qualification:

> An argument is sometimes made that the
> United States Supreme Court no longer
> requires exigent circumstances to justify a
> warrantless automobile search but instead
> requires only a showing of probable cause
> . . . .  We need not decide that issue in
> the present case in view of our holding that
> there were exigent circumstances.

Id. at 227 n.*, 321 S.E.2d at 641 n.* (citations omitted).  In other words, McCary did not hold that the Fourth Amendment imposed a separate exigency requirement — only that, if it did, the facts of that case satisfied the requirement.  Given the clarity of Dyson on this point, the exigent circumstances dicta in McCary (as well as our cases repeating it, see, e.g., Jackson

-

v. Commonwealth, 22 Va. App. 347, 355, 470 S.E.2d 138, 143 (1996)), have no continuing precedential weight.[2]

In his suppression motion, Rogers also asserted that the warrantless search of his van violated Virginia constitutional law prohibiting "illegal searches and seizures."  We again disagree.  "Our courts have consistently held that the protections afforded under the Virginia Constitution are co-extensive with those in the United States Constitution." Sabo v. Commonwealth, 38 Va. App. 63, 77, 561 S.E.2d 761, 768 (2002) (quoting Henry v. Commonwealth, 32 Va. App. 547, 551, 529 S.E.2d 796, 798 (2000), and Bennefield v. Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311 (1996)).

For these reasons, the trial court erred as a matter of law in holding that the automobile exception to the warrant requirement requires a separate showing of exigent circumstances.  Concerns about "danger of flight," the possibility that the "evidence would disappear," and the "ample time" available to obtain a warrant do not figure into the analysis.  The Fourth Amendment permits a warrantless search of

---

[2] In cases involving the application of federal constitutional principles, the Supremacy Clause, U.S. Const. art. VI, cl. 2, does not allow state court decisions to take precedence over opinions of the United States Supreme Court. See generally Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 750-51 (1995); Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 100 (1993).

-

a readily mobile vehicle upon a showing of probable cause. <u>Dyson</u>, 527 U.S. at 467.  No further exigencies need be shown.[3]

### III.

In sum, the trial court erred in suppressing the evidence seized from the van on the ground that "there were no exigent circumstances in this case."  We reverse the suppression order and remand this matter for continued proceedings consistent with this opinion.

<u>Reversed</u>.

---

[3] Because the Commonwealth did not argue to the trial court that the warrantless search of Rogers's van was incident to his arrest, that argument has been waived on appeal.  <u>See</u> Rule 5A:18.  <u>See</u> <u>generally</u> <u>Cason v. Commonwealth</u>, 32 Va. App. 728, 736, 530 S.E.2d 920, 924 (2000) (The "only prerequisites to a search of an automobile incident to arrest are that the search is contemporaneous with the arrest and the arrestee is a recent occupant of the vehicle."); <u>Armstrong v. Commonwealth</u>, 29 Va. App. 102, 112-13, 510 S.E.2d 247, 252 (1999); <u>Glasco v. Commonwealth</u>, 26 Va. App. 763, 773, 497 S.E.2d 150, 154 (1998), <u>aff'd</u>, 257 Va. 433, 513 S.E.2d 137 (1999).

-