COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge McClanahan and Senior Judge Willis
Argued at Richmond, Virginia


JOHN JOHNSON, A/K/A
  JOHN JUNIOR JOHNSON
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2017-04-2                        JUDGE JERE M.H. WILLIS, JR.
                                                         MARCH 7, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF PRINCE EDWARD COUNTY
                        William R. Shelton, Judge Designate

                Gail Starling Marshall for appellant.

                Richard B. Smith, Senior Assistant Attorney General (Judith
                Williams Jagdmann, Attorney General, on brief), for
                appellee.


        On appeal from his conviction of four counts of distributing cocaine and two counts of

distributing cocaine, second or subsequent offense, in violation of Code § 18.2-248, three counts of

distribution of cocaine within 1,000 feet of school property in violation of Code § 18.2-255.2, and

one count of possession of cocaine with intent to distribute within 1,000 feet of school property in

violation of Code § 18.2-255.2, John Johnson, a/k/a John Junior Johnson, contends the trial court

erred  (1) in prohibiting him from thoroughly cross-examining the Commonwealth's cooperating

witness, and (2) in admitting hearsay evidence.  We agree.  We reverse Johnson's convictions and

remand.[1]

            [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

            [1] Johnson was also charged with possession of cocaine in violation of Code § 18.2-250.
He pleaded guilty and was convicted on that charge.  His petition for appeal and our order
granting the appeal embraced that conviction.  However, because the issues raised on this appeal
are not cognizable with respect to a conviction based on a guilty plea, we dismiss the appeal of

Steven Owens, who had been convicted of numerous felonies and of misdemeanors involving lying, cheating, or stealing, worked as a confidential informant for the Farmville Police Department and the Prince Edward County Sheriff's Department. Owens testified that he did so "[i]n the hopes to reduce the time for [his] pending charges," which were fourth and fifth offenses of driving while under the influence of alcohol. He testified that he had received no promises or agreements concerning those charges.

Owens testified that he purchased cocaine from Johnson on six occasions between July 24 and August 18, 2003. During each transaction, he wore an audio transmitter, and during some transactions, he also wore a video recorder. Officer Chris Fishburne of the Farmville Police Department testified that law enforcement officers could not maintain constant visual surveillance of Owens during the transactions, but that the transmitter enabled them to maintain audio surveillance.

On cross-examination, Johnson sought to ask Owens about other pending criminal investigations "that [Owens] may not have been charged with that he would be working with the police in order to get a lesser sentence." The trial court ruled that Johnson could ask Owens about the number of his prior felony convictions and his misdemeanor convictions for lying, cheating, and stealing, but not about pending matters. The trial court noted that Owens had stated that "his involvement in this was to help himself."

The Commonwealth twice asked Officer Fishburne whether Owens had indicated a specific address or location where several of the transactions had occurred. These questions related to the charges involving offenses occurring within 1,000 feet of school property. It had been arranged that

---

that conviction as improvidently granted. A guilty plea waives all objections to non-jurisdictional defects. Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969); Terry v. Commonwealth, 30 Va. App. 192, 197, 516 S.E.2d 233, 236 (1999) (en banc).

during the transactions, Owens would speak observations identifying the locations. Fishburne's answers were recitals of what he heard Owens say over the audio transmitter, and were not based on his own observations. Johnson objected to this evidence as hearsay. The trial court overruled the objections and allowed the testimony.

Analysis

I.

The Commonwealth's case depended almost totally on Owens' testimony. Johnson sought to show that Owens was seeking to curry favor with the Commonwealth and thus had a bias that impeached his credibility. The trial court ruled that Johnson could not impeach Owens by a showing of criminal conduct, but could base impeachment only on criminal convictions. This was error.

Where a defendant seeks to cross-examine a witness

> to impeach [the] witness' veracity, cross-examination . . . is limited to prior felony convictions and convictions for misdemeanors involving moral turpitude. However, it is error to apply the principles governing cross-examination for purposes of impeaching a witness' veracity to limit cross-examination designed to demonstrate a witness' bias or motive to testify.

Scott v. Commonwealth, 25 Va. App. 36, 41, 486 S.E.2d 120, 122 (1997) (citations omitted). "An accused has a right to cross-examine prosecution witnesses to show bias or motivation and that right, when not abused, is absolute. The right emanates from the constitutional right to confront one's accusers." Brown v. Commonwealth, 246 Va. 460, 463-64, 437 S.E.2d 563, 564-65 (1993).

> Evidence of specific acts of misconduct is generally not admissible in Virginia to impeach a witness' credibility. However, where the evidence . . . is relevant to show that a witness is biased or has a motive to fabricate, it is not collateral and should be admitted. [A]ttempting to introduce evidence of prior misconduct, for which there has been no criminal conviction, to impeach a witness' general character for truthfulness differs from attempting to introduce such evidence to show that a witness is biased or motivated by self-interest in a particular case.

Banks v. Commonwealth, 16 Va. App. 959, 962-63, 434 S.E.2d 681, 683-84 (1993) (citations and internal quotation marks omitted).

Johnson sought "to lay the predicate for an inference that the testimony of the prosecution witness was biased and unreliable because induced by considerations of self-interest." Whittaker v. Commonwealth, 217 Va. 966, 967, 234 S.E.2d 79, 81 (1977). Owens admitted on direct examination that he hoped his work with law enforcement would reduce the sentences for his pending DUI charges. Johnson sought to show that Owens had an additional bias inducing incentive to seek leniency from the Commonwealth with respect to misconduct as yet uncharged, but under investigation.

In Woody v. Commonwealth, 214 Va. 296, 299, 199 S.E.2d 529, 531-32 (1973), the Supreme Court of Virginia held:

> With evidence of the other crimes as a foundation, [defendant]'s counsel would then be entitled to question [the prosecution's witnesses] as to any hope for leniency or expectation of favorable consideration, whether based on agreements or otherwise, . . . that may have prompted them to testify against [defendant].

Although Johnson's proposed evidence involved uncharged offenses, it related to a point properly at issue in the case and was relevant. Therefore, it was admissible because "it ha[d] any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). Johnson was entitled to cross-examine Owens in an effort to establish that his testimony was biased and motivated by a hope for lenience related to potential uncharged offenses. The trial court erred in denying Johnson this effort.

The Commonwealth argues that Johnson failed to make a proper proffer putting this issue before the trial court.

A proper proffer takes one of three forms: (1) a unilateral avowal of counsel, if unchallenged; (2) a mutual stipulation of the parties; or (3) the taking of testimony of the witness outside the presence of the jury. Lowery v. Commonwealth, 9 Va. App. 304, 307, 387 S.E.2d 508, 510 (1990).

Appellant's counsel proffered:

> The reason I was asking that was not so much for purposes of the same as the number of felonies and misdemeanors. I believe there are two other matters that are pending that he may not have been charged with that he would be working with the police in order to get a lesser sentence.

In Whittaker, the testimony of only one witness, an inmate, implicated the defendant as a participant in the charged crime. On cross-examination, the witness admitted he had numerous felony convictions. Defense counsel questioned the witness about the total length of the sentences he was serving. The trial court ruled that the evidence was immaterial, and defense counsel made the following proffer:

> "I would like to show a motivation for this man testifying against Whittaker in that on all his other convictions he has been required to serve one year in the penitentiary or one year incarceration, and that upon that the Commonwealth attorney has extended leniency in cases for agreeing to testify."

Whittaker, 217 Va. at 967, 234 S.E.2d at 80.

On appeal, the Court ruled: "[W]e are of opinion that defense counsel's avowal, the truth of which was unchallenged by the Commonwealth, constituted a proper proffer . . . ." Id. at 969, 234 S.E.2d at 81-82.

Johnson's proffer was sufficient to alert the trial court that he wanted to explore Owens' bias. The Commonwealth did not challenge the truth of Johnson's avowal that Owens had other criminal investigations pending and that his testimony might be prompted by hope of leniency or favorable consideration in those matters. Under the circumstances, Johnson was not required to

- 5 -

know or to proffer Owens' answers. It was enough that he alerted the trial court that he wanted to pursue a permissible line of inquiry. Accordingly, his proffer was sufficient.

We do not accept the Commonwealth's suggestion that, by failing to properly proffer the excluded evidence, Johnson has failed to demonstrate the error was not harmless.

The test for nonconstitutional harmless error is as follows:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (citation omitted).

Owens' testimony was indispensable to the Commonwealth's case. Evidence impeaching his credibility was material, and its erroneous exclusion was not harmless.

II.

Johnson was convicted of two counts of distribution of cocaine within 1,000 feet of school property and one count of possession of cocaine with intent to distribute within 1,000 feet of school property. He contends the trial court erred by allowing Officer Fishburne to testify concerning the precise locations of two of the transactions based on information provided by Owens over the audio transmitter. He argues the evidence was hearsay. We agree.

"[T]he simplest definition of hearsay [is] 'testimony of a witness in court about statements made out of court[,] by another person.'" Bryant v. Commonwealth, 39 Va. App. 465, 472, 573 S.E.2d 332, 335 (2002) (quoting Charles E. Friend, The Law of Evidence in Virginia § 18-1 (5th ed.1999)).

> Similarly, the Supreme Court of Virginia has defined hearsay as "'[a] term applied to that species of testimony given by a witness who relates, not what he knows personally, but what others have

> told him, or what he has heard said by others,'" and "testimony
> which consists [of] a narration by one person of matters told him
> by another."

Id. at 472-73, 573 S.E.2d at 335-36 (citations omitted).

The challenged evidence was clearly hearsay. Fishburne recited out-of-court statements made by Owens over the audio transmitter. This testimony was admitted to prove the truth of Owens' assertions as to the locations of the drug transactions, an element of the offenses.

The Commonwealth argues that Owens' statements were excited utterances, impelled by his experience of contemporaneous events. We reject this argument. The statements were not spontaneous, but were reasoned compliance with prior arrangements between Owens and the police. Accordingly, this evidence was hearsay and the trial court erred in admitting it.

We reverse the judgment of the trial court with respect to the ten convictions embraced by this opinion and remand for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

McClanahan, J., concurring.

I concur in the result reached by the majority but write separately because I disagree with the majority's reasoning that "Johnson was not required to know or to proffer Owens' answers" or that it is enough for counsel to show he "wanted to pursue a permissible line of inquiry."

On appeal, "we must examine the substance of the *anticipated testimony* to determine whether [the right to further questioning] has been violated." Brown v. Commonwealth, 246 Va. 460, 464-65, 437 S.E.2d 563, 565 (1993) (emphasis added); see also Williams v. Harrison, 255 Va. 272, 277, 497 S.E.2d 467, 471 (1998) (stating that the litigant's proffer should disclose the "testimony he expected to elicit"); Chappell v. Virginia Elec. & Power Co., 250 Va. 169, 173, 458 S.E.2d 282, 285 (1995) (rejecting appellate challenge due to the absence of a "proper showing of what the testimony might have been"). An appellate court cannot competently determine error – much less reversible error – without "a proper showing of what that testimony would have been." Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999). See also Charles E. Friend, The Law of Evidence in Virginia, § 8-6, at 302-03 (6th ed. 2003).

On the facts presented in this case, the proffer adequately disclosed the testimony expected from the witness and was clearly more than an identification of the subject matter of the proposed inquiry. The line of inquiry was relevant, not purely speculative or cumulative, and admissible. See Woody v. Commonwealth, 214 Va. 296, 299-300, 199 S.E.2d 529, 532 (1973) (not cumulative); Banks v. Commonwealth, 16 Va. App. 959, 963, 434 S.E.2d 681, 683 (1993) (relevant evidence that is not collateral should be admitted). See also Lewis v. Commonwealth, 269 Va. 209, 214-15, 608 S.E.2d 907, 910 (2005) (assertion of relevance cannot be speculative). The proffer indicated that the witness, if truthful, would admit to "two other matters" on which the witness "would be working with the police in order to get a lesser sentence." The proffer

went to bias, was based on the witness' own testimony, and was therefore admissible. Such a proffer is sufficient. <u>Durant v. Commonwealth</u>, 35 Va. App. 459, 466, 546 S.E.2d 216, 220 (2001).