COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Haley and Petty
Argued by teleconference

ERIC AMIR GHAMESHLOUY, S/K/A
  ERIC AMIR GHAMESOULY

                                      MEMORANDUM OPINION* BY
v.      Record No. 1882-07-1          JUDGE JAMES W. HALEY, JR.
                                          SEPTEMBER 14, 2010

CITY OF VIRGINIA BEACH


UPON REMAND FROM THE SUPREME COURT OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

Suzanne Moushegian, Senior Assistant Public Defender (Justin W.
Esworthy, Assistant Public Defender; Office of the Public Defender,
on brief), for appellant.

Thomas M. Murphy, Deputy Commonwealth's Attorney (Harvey L.
Bryant, Commonwealth's Attorney; Robert F. McDonnell, Attorney
General; Eugene Murphy, Senior Assistant Attorney General, on
brief), for appellee.


I.  INTRODUCTION

This Court dismissed Ghameshlouy's appeal of his misdemeanor conviction as barred by

lack of jurisdiction.  Ghameshlouy v. Commonwealth, 54 Va. App. 47, 56, 675 S.E.2d 854, 858

(2009).  The Supreme Court reversed, holding this Court had jurisdiction, and remanded to this

Court for resolution of "the merits of the issue."  Ghameshlouy v. Commonwealth, 279 Va. 379,

395, 689 S.E.2d 698, 706 (2010).[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Supreme Court directed:  "Upon remand, the style of the case shall be amended to
reflect that the City of Virginia Beach is the appellee."  Ghameshlouy, 279 Va. at 395, 689
S.E.2d at 706.

Virginia Beach City Code § 23-7.1 states in pertinent part: "It shall be unlawful . . . for any person at a public place or *place open to the public* . . . to provide false information [of identity] in response to such a request" by a police officer. (Emphasis added). The issue here for resolution is whether a motel room is a "place open to the public" for purposes of applying the ordinance under the following facts.[2]

## II. BACKGROUND

The relevant facts can be succinctly stated.

On February 24, 2007, a motel security officer investigated a disturbance consisting of loud noises emanating from Room 227 of an Econo Lodge. Ghameshlouy opened the door and, according to the security officer, "took an aggressive stance." The motel security officer left and called the police, seeking their aid in evicting Ghameshlouy. Upon their arrival and after announcing their presence, a seventeen-year-old female opened the door to Room 227 and the police officers entered. Ghameshlouy was likewise in the room and it was *within the room*, during the police officers' investigation, that Ghameshlouy gave the officers false information as to his identity. Room 227 was rented by the parents of the seventeen year old, who were in an adjacent room. Ghameshlouy was in the room with their permission as a guest.

The trial court concluded, under these facts, that at the time of the offense Room 227 was a "place open to the public" within the parameters of Virginia Beach City Code § 23-7.1.

## III. ANALYSIS

### A. Standard of Review

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence." Britt v. Commonwealth, 276 Va. 569, 573,

---

[2] At trial, the City conceded the motel room involved here was not "a public place."

- 2 -

667 S.E.2d 763, 765 (2008). We "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Where the Court engages in statutory interpretation, it looks first to the plain language of the statute. Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003). If the statute contains unambiguous terms, the Court must follow that language. Miles v. Commonwealth, 272 Va. 302, 307, 634 S.E.2d 330, 333 (2006). "An undefined term must be 'given its ordinary meaning, given the context in which it is used.'" Sansom v. Bd. of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999) (quoting Dep't of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980)). We strictly construe penal statutes against the Commonwealth, Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008), but "will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein," Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Whether a place is open to the public typically represents an issue for the trier of fact. Bond v. Green, 189 Va. 23, 32, 52 S.E.2d 169, 173 (1949). To the extent we engage in statutory interpretation, we give *de novo* review. Wright v. Commonwealth, 275 Va. 77, 80-81, 655 S.E.2d 7, 9 (2008).

## B. Application

Our Supreme Court recently provided guidance concerning what constitutes a place open to the public in Fullwood v. Commonwealth, 279 Va. 531, 689 S.E.2d 742 (2010). The appellant was charged with violating Code § 18.2-255.2(A)(ii), which prohibits the manufacture, sale or distribution, or possession with such intent, of drugs while upon "any property open to public

use" within a prescribed distance of designated schools. Id. at 533, 689 S.E.2d at 744. The appellant maintained an apartment complex parking lot was not property open to public use because of the presence of a "no trespassing" sign associated with the building. Id. at 537, 689 S.E.2d at 746. The Supreme Court rejected that defense, holding that it was clear on the record that "the parking lot was 'readily accessible' to members of the public who were not residents of the complex or whose presence was not authorized." Id. That Court continued its analysis by citing the holding of Smith v. Commonwealth, 26 Va. App. 620, 626, 496 S.E.2d 117, 120 (1998), where this Court found a location was "open to public use" since the record did not reveal the place "was blocked, closed, or in any way inaccessible to the public and that the participants to the drug transaction . . . had full access to the property on several occasions." Fullwood, 279 Va. at 537, 689 S.E.2d at 746 (internal quotation marks omitted).

The propriety of the police officers' *entrance* into Room 227 is not the issue before us; nonetheless, the principle that the occupants of Room 227 had a constitutionally recognized "reasonable expectation of privacy" within that room tends to negate an argument that that room was "a place open to the public" in general. See Jones v. Commonwealth, 16 Va. App. 725, 727, 432 S.E.2d 517, 518 (1993) (noting that in a motel room a person "has a reasonable expectation of privacy"); Servis v. Commonwealth, 6 Va. App. 507, 514, 371 S.E.2d 156, 159 (1988) ("The fourth amendment rights of a guest in a motel room are equivalent to those of the rightful occupants of a house."); see also Stoner v. California, 376 U.S. 483, 490 (1964); 1 Wayne R. LaFave, Search and Seizure § 2.3 (4th ed. 2004).[3]

---

[3] We note that that expectation of privacy in a motel room can be negated where the occupant is presently "destroying property in the room," McCary v. Commonwealth, 36 Va. App. 27, 38, 548 S.E.2d 239, 244 (2001), or where there is apparent authority of motel staff to grant entrance into a *vacant* room if a police officer "could reasonably have believed that the room was vacant such that [hotel staff] had [actual] authority to consent to the search." Jones, 16 Va. App. at 728-29, 432 S.E.2d at 519-520. No such circumstances exist in the instant case.

The undisputed facts are that Room 227 was rented to the parents of the seventeen year old. They had a tenancy in the same. That tenancy granted them the authority to exclude admittance to any member of the public, at their choice. The room was not vacant. Neither they, nor Ghameshlouy, had been physically evicted from Room 227 at the time Ghameshlouy gave the false information to the police officers. Room 227 was not "readily accessible" to the public, and the door to Room 227 was "closed" and thus entrance was "inaccessible to the public." See Fullwood, 279 Va. at 537, 689 S.E.2d at 746.

For these reasons we hold that Room 227 was not, under these facts, a "place open to the public" as used in Virginia Beach City Code § 23-7.1. Accordingly, the conviction is reversed and the charge dismissed.[4]

Reversed and dismissed.

---

[4] In oral argument before this Court, the City conceded Room 227 was not a place open to the public within the ordinance and that this ended the case. Nonetheless, as we have previously enunciated:

> We have no obligation to accept concessions of error, see United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (recognizing "the government's concession of error is not binding on this court"), and, to be sure, we would never do so if the issue were a pure question of law, Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*). "Our fidelity to the uniform application of law precludes us from accepting concessions of law made on appeal. Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants." Id.

Copeland v. Commonwealth, 52 Va. App. 529, 531-32, 664 S.E.2d 528, 529 (2008).