COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


DORA ANN SWAIN
                                          OPINION BY
v.        Record No. 0610-97-3    JUDGE SAM W. COLEMAN, III
                                         DECEMBER 1, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Richard C. Pattisall, Judge

            Steven P. Milani (Michelle C. F. Derrico;
            Office of the Public Defender, on briefs),
            for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Dora Ann Swain was convicted in a jury trial of possession
of cocaine with the intent to distribute.  On appeal, she
contends (1) the trial court erred by admitting a police
officer's inadmissible hearsay testimony, and (2) erred by ruling
that it had no authority to suspend or modify the jury's sentence
unless it "shocked the conscience of the court or was wholly
beyond the evidence presented."  We find that the police
officer's challenged testimony was not inadmissible hearsay.
Therefore, we affirm the conviction.  On the sentencing issue,
the Attorney General concedes, and we agree, that the trial judge
applied an incorrect standard in denying the motion to suspend or
modify the sentence.  The trial judge stated that he could
suspend only a sentence that "shocked the conscience of the
court."  Because the trial judge had much broader discretion to

suspend the sentence, we vacate imposition of the sentence and remand the case for reconsideration of the motion to suspend or modify the sentence.

## I.  BACKGROUND

During execution of a search warrant at Swain's home, a police officer stationed at the front door witnessed Swain arrive by car.  The officer testified that as Swain exited the vehicle and walked toward her house, Juanita Watson came from "around" a parked van and joined Swain.

The officer testified that as Watson approached Swain, Swain said, "something similar to, what do you need or what do you want."  Watson replied:  "A twenty."  The officer testified that "a twenty" is street terminology for a small piece of crack cocaine.  According to the officer, Swain "advised Ms. Watson to wait a minute or wait just a minute, [or] something similar."

Swain made a pretrial motion to suppress Watson's statement, "a twenty," as inadmissible hearsay.  Swain contends the Commonwealth offered Watson's statement for its implied assertion that Swain was a drug dealer.  The trial court denied the motion to suppress Watson's statement.

At the sentencing hearing, counsel for Swain asked the trial court to suspend part of the jury's recommended sentence.  In denying the motion to suspend the sentence, the trial court stated:

> Now, with regard to whether the jury's
> recommended sentence is followed or not, the
> standard of measurement there is . . . if

-2-

it's a sentence . . . that shocks the conscience of the Court, that is wholly beyond the evidence of the case, a miscarriage of justice then the Court has the power and authority to step in and should step in.  On the other hand, if it's within the range of punishment, in this instance at the lower end and is justified by the evidence . . . then the Court has no authority to set that jury verdict aside just because the Court might have done differently or may have given a lesser sentence had the Court heard the case instead of the jury.

## II.  ANALYSIS

### A.  Hearsay

In reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party.  See Alvarez v. Commonwealth, 24 Va. App. 768, 775, 485 S.E.2d 646, 649 (1997).  "`The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996) (quoting Crews v. Commonwealth, 18 Va. App. 115, 118, 442 S.E.2d 407, 409 (1994)).  "Hearsay evidence is testimony in court . . . of a statement made out of court [that is] offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."  Taylor v. Commonwealth, 28 Va. App. 1, 9, 502 S.E.2d 113, 117 (1998) (en banc) (citations omitted).

Watson's statement that she wanted "a twenty," is hearsay only if offered to prove the truth or falsity of the matter

–3–

asserted therein. See Brown v. Commonwealth, 25 Va. App. 171, 179, 487 S.E.2d 248, 252 (1997) (en banc). Determining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence. See generally Lawrence H. Tribe, Triangulating Hearsay, 87 Harv. L. Rev. 957, 958-59 (1974) (presenting a method for analyzing the hearsay rule).

We determine, therefore, the purpose for which the Commonwealth offered the statement. The literal truth of the assertion -- that Watson wanted cocaine -- was irrelevant and was not the purpose for which the Commonwealth offered the statement. Additionally, Watson's belief that Swain was a drug dealer was not the reason the Commonwealth offered her statement into evidence. Instead, the Commonwealth offered Watson's statement, "a twenty," to explain and give meaning to Swain's statements. Watson's statement gives meaning to Swain's declarations "what do you want," and "just a minute." In context, Watson's response "a twenty," explained that Swain's first inquiry was an offer to sell drugs, and the statement, "just a minute" meant, "I will provide you with drugs in a minute," both of which were admissible as party admissions to prove Swain's intent. See Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678-79 (1993).

We have recognized that words offered solely to give context to party admissions are not hearsay and are admissible.

"Words which constitute a question or accusation that result in a party admission are not barred by the hearsay evidence rule. It is only when the prompting statements have the quality of evidence (offered for the truth of the matter asserted) that they become inadmissible hearsay." Atkins v. Commonwealth, 13 Va. App. 365, 368, 412 S.E.2d 194, 196 (1991) (citation omitted).

A statement offered to provide context to an admission is not hearsay because it is not offered to prove the truth of the matter asserted therein. The evidentiary value of Watson's statement, "a twenty," depends solely on the literal words spoken and not on what was actually on Watson's mind. In other words, Watson's statement does not "rest[] for its value upon the credibility of the out-of-court asserter." Taylor, 28 Va. App. at 9, 502 S.E.2d at 117. See e.g., State v. Miller, 921 P.2d 1151, 1159 (Ariz. 1996) (finding that declarant's statement, made during the course of an interrogation, was not hearsay because it was admitted for its effect on the defendant rather than its substantive content); Williams v. State, 669 N.E.2d 956, 958 (Ind. 1996) (admitting informant's statements in course of conversation as non-hearsay because the responses that they prompted "constituted the evidentiary weight of the conversation"); Worden v. State, 603 So.2d 581, 583 (Fla. App. 1992) (stating that detectives' questions and statements were not offered for their truth, but rather to place defendant's answers in context).

Because the Commonwealth did not offer Watson's statement, "a twenty," for the truth or falsity of the statement, it was not hearsay, and the trial judge did not err in admitting it.

## B.  Sentencing

A trial court's ruling on a motion to suspend a jury's sentence rests within the sound discretion of the trial court and should not be overturned absent an abuse of that discretion.  See Lane v. Commonwealth, 223 Va. 713, 719, 292 S.E.2d 358, 362 (1982).

The trial judge ruled that he lacked authority to modify a jury's recommended sentence unless the sentence "shocked the [court's] conscience" or was "wholly beyond the evidence of the case."

The Commonwealth concedes the trial court misstated its authority to modify a jury's recommended sentence.  The jury's sentence is a "first-step decision" in determining the fair and appropriate punishment for a crime.  See Duncan v. Commonwealth, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986) (citing Vines v. Muncy, 553 F.2d 342, 349 (4th Cir. 1977)).  The jury's sentence is subject to the judge's review after considering at the sentencing hearing various mitigating, extenuating, or even aggravating circumstances.  See id.  By granting the trial court authority to review the jury's sentence, "the legislature intended to leave the consideration of mitigating circumstances to the court.  It is the court that has the responsibility of pronouncing the sentence after the maximum punishment is fixed by the jury."  Id.  "Failure to consider whether a jury sentence should be mitigated because of a belief that the jury sentence is

inviolable is an abuse of discretion."  <u>Bruce v. Commonwealth</u>,
9 Va. App. 298, 302-03, 387 S.E.2d 279, 281 (1990).

For the foregoing reasons, we uphold the trial court's evidentiary ruling but we vacate execution of the sentence and remand the case for a judge of the court to consider Swain's motion to modify or suspend the jury's sentence.

<u>Sentence vacated and remanded.</u>