COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


JAMES EDWARD MANGOLD

MEMORANDUM OPINION[*] BY
v.    Record No. 1939-01-2     JUDGE RUDOLPH BUMGARDNER, III
AUGUST 6, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
J. Peyton Farmer, Judge Designate

W. Todd Watson (Hargett & Watson, PLC, on
brief), for appellant.

Amy L. Marshall, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


A jury convicted James Edward Mangold of two counts of rape
and one count of forcible sodomy. He contends the trial court
erred in admitting a series of electronic messages that he sent
to the victim after the incident. He also contends it erred in
not striking from the presentence report hearsay statements of
unadjudicated misconduct. Finding no error, we affirm.

In May 2001, the defendant and the victim began exchanging
messages over the Internet, e-mails. They met in June and began
an affair in August. After a trip to the beach over Labor Day,
the victim decided to end the relationship because of abusive

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conduct by the defendant.  The victim terminated the relationship, but the defendant insisted on reconciling.  On September 15, 2000, the defendant persisted in coming to visit her, though she told him not to come and went out to meet friends to avoid him.

The defendant found the victim at a bar.  When she asked him to leave her alone, the defendant responded that he would "never leave her alone."  Fearful and unsure why he had come to see her, the victim sneaked out the back door.  Later that evening, the defendant again located her.  The defendant refused to leave her alone, so the victim again sneaked out and this time drove home.  She locked the door and braced it with a chair because the defendant had a key to her house.

Later that night, the victim awoke in bed to realize the defendant was standing over her.  He concedes that the victim did not want to see him, that she told him not to visit, and that he let himself into her home despite the chair against the door.  The victim testified the defendant refused to leave when told to do so, then pushed her onto the bed, and raped her. Afterwards when the victim tried to get away, the defendant forced her back onto the bed and raped her a second time.  Then the defendant committed forcible sodomy.  The defendant admits the sexual relations with the victim, but he maintains the victim consented and willingly participated.

-

Before leaving the victim's home on the morning of September 16, the defendant left a note for the victim. In it he thanked her for "letting me come in" and "agreeing to talk." The defendant described their "making sweet love" the night before, but hoped that she did not make love to him "under false pretenses" that they would stay together. The letter characterized the victim as the party who initiated the intimate evening and the defendant as the party who was terminating the relationship. The defendant sent an e-mail to the victim later that day that portrayed the incident in the same manner. The defendant did not object to the introduction of those two messages.

The defendant did object to admitting a series of messages exchanged with the victim after September 16. He contended the evidence contained no inculpatory statements and was "collateral," "inflammatory and unduly prejudicial," and unrelated to the issues. The Commonwealth maintained the messages rebutted the defendant's contention that the encounter was consensual. The trial court ruled the evidence was admissible as a party admission and corroborated the victim's testimony that the acts were forced and not consensual.

"[E]vidence which tends to prove the crime charged is admissible though it may necessarily involve misconduct on the part of the defendant." Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986) (citations omitted). "An

-

out-of-court statement by a defendant that admits or acknowledges a fact or facts tending to prove guilt is admissible in evidence . . . ." Elmore v. Commonwealth, 22 Va. App. 424, 429, 470 S.E.2d 588, 590 (1996) (citations omitted).  Other crimes evidence is admissible if it shows defendant's feelings toward the victim, or "proves intent or guilty knowledge . . . or negates good faith . . . ." Rodriguez v. Commonwealth, 18 Va. App. 277, 280-81, 443 S.E.2d 419, 422 (1994) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995).

The only issue at trial was whether the victim consented to the sexual relations with the defendant.  Contrary to the considerate tone of the defendant's messages on September 16, his subsequent messages reveal a violent, commandeering nature that comports with the victim's description of his behavior toward her.  The defendant asked the victim, "loved my visit Friday night didn't you?" and boasted of his "aggressiveness" and "power."  He proclaimed that he had been treating the victim "way too nice," but acceded that she "need[ed] to be dominated and controlled."

The series of e-mail messages contradicted his claim that he was breaking off the relationship and revealed his insistence on continuing to see her.  When the victim responded to a message that he was not to come see her, the defendant wrote, "We'll be over when I'm tired of you."  Again begging him to leave her alone, he responded, "you can make it pleasurable or

-

you can make it ugly, your choice."  He added, "I'm totally
fearless, totally motivated and don't give a damn about my
future."

"Evidence is relevant if it has any logical tendency,
however slight, to establish a fact at issue in the case."
Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675,
678 (1993) (citations omitted).  The series of messages is
relevant to rebut the claim of consensual sex and corroborate
the victim's testimony.  The messages relate to the defendant's
relationship with the victim, his intent, and his use of force
to overpower the victim's opposition to his will.  They were not
remote in time or unrelated to the incident.  See Collins v.
Commonwealth, 226 Va. 223, 230, 307 S.E.2d 884, 888 (1983)
(defendant's statements after pandering charge admissible to
show course of conduct, intent and knowledge).  His messages
were admissible as admissions; her messages were admissible to
show the context of his admissions.  Swain v. Commonwealth, 28
Va. App. 555, 560, 507 S.E.2d 116, 118 (1998).

Next, we consider whether the trial court erred in refusing
to strike information from the presentence report.  After the
presentation of evidence at the sentencing hearing, the
defendant objected to allegations of misconduct made by his
former wife and former girlfriend.  The defendant contends
admission of the accusations violated "his right to confront the

-

witnesses against him, was hearsay, and lacked sufficient indicia of reliability."

The record does not contain a copy of the presentence report or a summary of the evidence to which the defendant objected.  Nevertheless, the record before us does indicate that the probation officer spoke with the defendant's former wife about past abuse by the defendant and included the allegations in the report.  The trial court denied the motion to strike the statements from the presentence report.

The trial court has broad discretion in determining the defendant's sentence and its ruling on the admissibility of evidence relevant to punishment will not be disturbed absent a clear abuse of discretion.  Shifflett v. Commonwealth, 257 Va. 34, 44, 510 S.E.2d 232, 236 (1999).  Such evidence includes any "'responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life and characteristics.'"  Harris v. Commonwealth, 26 Va. App. 794, 809, 497 S.E.2d 165, 172 (1988) (quoting Williams v. Oklahoma, 358 U.S. 576, 584 (1959)).  Unadjudicated criminal activity is properly considered.  Beaver v. Commonwealth, 232 Va. 521, 530, 352 S.E.2d 342, 347 (1987).

"This broad rule of inclusion is tempered by the requirement that the information bear some indicia of reliability."  Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 456 (1998) (citations omitted).  In this case, the

-

probation officer making the report to the court interviewed the declarant, and the defendant does not contend the information contained in the report is inaccurate.

Furthermore, any error was harmless. The jury recommended the minimum sentence for each offense. The record reveals the trial court carefully considered the entire presentence report. It noted that the sentence returned by the jury was below the minimum suggested by the sentencing guidelines. The trial court imposed the statutory minimum sentence. See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc); Hall v. Commonwealth, 143 Va. 554, 561-62, 130 S.E. 416, 419 (1925) (improperly admitted other crimes evidence was harmless where guilt of accused clearly established and jury imposed minimum sentence).

We conclude the trial court did not err in admitting the series of e-mail messages or in refusing to strike portions of the presentence report. Accordingly, we affirm.

Affirmed.