COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


KEENAN MARTIN
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2240-14-1                       CHIEF JUDGE GLEN A. HUFF
                                                    DECEMBER 8, 2015
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Mary Jane Hall, Judge

            J. Barry McCracken, Assistant Public Defender, for appellant.

            Christopher P. Schandevel, Assistant Attorney General (Mark R.
            Herring, Attorney General, on brief), for appellee.


        Keenan Martin ("appellant") appeals his convictions of felony credit card theft, in

violation of Code § 18.2-192, and misdemeanor credit card fraud, in violation of Code

§ 18.2-195. Following a bench trial in the Circuit Court of the City of Norfolk ("trial court"),

appellant was sentenced to a total of three years and twelve months incarceration with six

months suspended. On appeal, appellant contends that the "trial court erred in admitting hearsay

evidence of bank card transactions, such evidence being offered for the truth of the assertion and

not being otherwise admissible under any recognized exception to the hearsay rule." For the

following reasons, this Court reverses appellant's convictions and remands the case for a new

trial, if the Commonwealth is so advised.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

At 5:00 p.m. on May 3, 2013, Willie Pope ("Pope") and his son, Wilbert Pope ("Wilbert"), went to a Bank of America to withdraw funds from Pope's account.  At the bank, Wilbert told Pope to give his debit card to the bank teller, at which time Pope realized he had lost his card.  Pope gave the teller his ID instead.  The two men discovered that Pope's balance was lower than they had expected and, after examining bank statements of the account provided by the teller, decided to close the account and get a new debit card.  Three days later, Wilbert and Pope went to the Norfolk Police Operations Center where they spoke with Detective Andre Perry ("Perry") regarding their concerns that someone may be fraudulently using Pope's debit card.  They provided Perry with a copy of the bank statements they received from the teller.  Perry, however, was unable to use these statements because they did not contain the dates and times of the allegedly fraudulent transactions. Perry testified that "[t]hey returned approximately two weeks later" with what Perry described as "additional statements" that included the "time, day, and location of the fraudulent transactions."

With these "additional statements," Perry began contacting the stores located on the statements to determine whether any of them had surveillance video footage coinciding with the purchases listed on the statements.  Perry was able to obtain surveillance video for one of the transactions that occurred at a 7-Eleven store.  Additionally, the store's owner produced a receipt for a $5.71 purchase associated with the transaction.  The receipt contained the last four digits of the card number used to make the purchase, which were identical to the last four digits of the debit card

associated with the "additional statements" provided to Perry. When Perry showed Pope still images taken from the store's surveillance video, Pope was able to identify appellant as the man who made the purchase. Pope recognized appellant because they had been roommates from October 2012 to March 2013.

At appellant's trial for felony credit card theft and misdemeanor credit card fraud, appellant objected to the Commonwealth's attempt to introduce the "additional statements" into evidence. Specifically, appellant argued that the statements were either "electronic in origin" or "produced by a human being, which would render them hearsay. The fact is that we don't have somebody from Bank of America, we don't know." Continuing, appellant argued that "either way, the foundation hasn't been met for the introduction of those documents." The trial court overruled appellant's objections and, at the close of the evidence, found appellant guilty of felony credit card theft, in violation of Code § 18.2-192, and misdemeanor credit card fraud, in violation of Code § 18.2-195. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in admitting the "additional statements" into evidence. Specifically, appellant argues that these documents were hearsay and that the Commonwealth did not lay an adequate foundation for their admission.

## A. Admissibility

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jones v. Commonwealth, 50 Va. App. 437, 446, 650 S.E.2d 859, 863 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988)). "Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations." Id. (quoting Blain, 7 Va. App. at 17, 371 S.E.2d at 842).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c). "A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended as an assertion." Va. R. Evid. 2:801(a); see also Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994) ("Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977))). Generally, "hearsay evidence is incompetent and inadmissible, and . . . 'the party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'" Caison v. Commonwealth, 52 Va. App. 423, 431, 663 S.E.2d 553, 557 (2008) (quoting Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992)).

The challenged "additional statements," which were admitted over appellant's objection, were hearsay. First, as "written assertion[s]," they constituted "statement[s]" under Virginia Rule of Evidence 2:801(a). Second, they were offered into evidence to prove the truth of the matter asserted. See Swain v. Commonwealth, 28 Va. App. 555, 559-60, 507 S.E.2d 116, 118 (1998) (examining the trial record and context of the statement to "determine . . . the purpose for which the Commonwealth offered the statement"). Specifically, the evidentiary purpose for the additional statements was to establish that the account number on the additional statements, an account belonging to Pope, was associated with a series of transactions that occurred on May 3, 2013. Additionally, the documents contained specific details regarding location, time, and amount of these transactions. From this information, the Commonwealth was able to establish that appellant's transaction at the 7-Eleven was accomplished using Pope's debit card. Indeed,

without these additional statements being admitted for their truth, there was no evidence that could connect appellant's activity with Pope's account.

Considering that the additional statements were hearsay, the Commonwealth had the burden of demonstrating that they were otherwise admissible, Caison, 52 Va. App. at 431, 663 S.E.2d at 557, and, in the present case, it attempts to do so by arguing that the additional statements were not actually hearsay, but "computer generated" evidence. See Penny v. Commonwealth, 6 Va. App. 494, 498, 370 S.E.2d 314, 316 (1988) (holding that "[w]hile standard computer printouts which simply repeat recorded human observations may constitute a classic form of hearsay, . . . the admissibility of the computer generated [evidence is] more appropriately analyzed as a scientific test"). When evidence is computer generated, there is no person, declarant, or "out-of-court asserter." Tatum, 17 Va. App. at 588, 440 S.E.2d at 135. In such cases, the evidence's "reliability does not depend on an out-of-court declarant's veracity or perceptive abilities, and no cross-examination could occur which would enhance the truth-finding process." Penny, 6 Va. App. at 498, 370 S.E.2d at 317.

This argument fails, however, because the Commonwealth failed to lay an adequate foundation for the additional statements to demonstrate that they were computer generated. Virginia Rule of Evidence 2:901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims." At trial, the Commonwealth argued that the additional statements were sufficiently reliable to justify their admission because "the testimony is these are records produced to [Pope] and his son from the Bank of America from a specific request." While this argument may have been true regarding the first set of bank records Wilbert and Pope provided to the police, Perry indicated these original statements were insufficient, causing Wilbert and Pope to provide the "additional

- 5 -

statements" approximately two weeks later. The only foundation regarding these "additional statements"– the admission of which is currently being challenged on appeal – is Perry's testimony that "[Wilbert and Pope] returned approximately two weeks later with additional statements from Bank of America, that [included the] date, time, and location of the fraudulent transactions . . . ." Notably, Perry did not retrieve the statements from the bank, and there is no other evidence regarding whether they were simply recorded human observations or computer generated.

Thus, without a foundation for the additional statements, the Commonwealth cannot establish that the additional statements are outside of the scope of hearsay as computer generated evidence or that they fall within any hearsay exception. Accordingly, the additional statements were inadmissible hearsay, and the trial court abused its discretion by admitting them into evidence.

### B. Harmless Error

Having determined that the trial court abused its discretion by admitting the "additional statements," this Court must now address whether this error was harmless. "No trial is perfect, and error will at times creep in." Lavinder v. Commonwealth, 12 Va. App. 1003, 1009, 407 S.E.2d 910, 913 (1991) (*en banc*) (quoting Parsons v. Commonwealth, 154 Va. 832, 852, 152 S.E. 547, 554 (1930)). "Every man is entitled to a fair trial and to nothing more, and so . . . out of the imperative demands of common sense, has grown the doctrine of harmless error." Id. (quoting Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928)) (omission in original). As "[t]he effect of an error on a verdict varies widely 'depending upon the circumstances of the case,' . . . [e]ach case must . . . be analyzed individually to determine if an error has affected the verdict." Id. (quoting Commonwealth v. Story, 383 A.2d 155, 164 (Pa. 1978)).

- 6 -

Code § 8.01-678, Virginia's harmless error statute, provides that

> [w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . (2) For any other defect, imperfection, or omission in the record, or for any error committed on the trial.

Code § 8.01-678 has been applied in both criminal and civil cases. See, e.g., Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997). "In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the jury." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (quoting Code § 8.01-678).

Accordingly, in Virginia the test for non-constitutional harmless error under Code § 8.01-678 in a criminal case, as adopted by the Supreme Court in Clay v. Commonwealth, is as follows:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand.

262 Va. at 260, 546 S.E.2d at 731-32 (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).

In the present case, both of appellant's convictions were predicated on appellant's obtaining and using Pope's debit card. The "additional statements" were the only link between appellant's activity and Pope's bank account. Without these statements, the evidence only demonstrates that appellant made a transaction at a 7-Eleven, which was recorded on camera, and that Pope suspected, after examining his statement, that someone was fraudulently using his

account.  The date, time, and location of these suspected fraudulent transactions were necessary to link the transactions to appellant.  Consequently, this Court cannot say, "with fair assurance, . . . that the judgment was not substantially swayed by the error."  Id.  Thus, "the conviction cannot stand."  Id. at 260, 546 S.E.2d at 732.

### III.  CONCLUSION

For the foregoing reasons, this Court reverses appellant's convictions and remands the case for a new trial if the Commonwealth is so advised.

Reversed and remanded.