COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia

CLYDE EDMOND STACKFIELD

MEMORANDUM OPINION[*] BY
v.        Record No. 1753-14-1        CHIEF JUDGE GLEN A. HUFF
DECEMBER 8, 2015
CITY OF HAMPTON

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Charles E. Haden for appellant.

Graham M. Stolle, Assistant City Attorney (Vanessa T. Valldejuli,
City Attorney; Lola Rodriguez Perkins, Senior Deputy City
Attorney, on brief), for appellee.


Clyde Edmond Stackfield ("appellant") appeals his conviction of trespassing, in violation

of Hampton Municipal City Code § 24-33 ("Hampton Code") – an analogue of Code § 18.2-119.

Following a bench trial in the Circuit Court of the City of Hampton ("trial court"), appellant was

fined $100 and received a suspended sentence of two days in jail. On appeal, appellant presents

two assignments of error:

1.      The trial court erred in admitting hearsay from Officer
Deangelo Freeman that a Food Lion manager had barred
[appellant] from the Food Lion premises, where Officer
Freeman's statements were not admissible under any
exception to the hearsay rule.

2.      The trial court erred in denying [appellant's] motion to
strike the trespassing charge where the City's evidence
failed to prove that [appellant] had been barred from the
Food Lion premises by one of the parties enumerated in
[Hampton Code] § 24-33 as having authority to do so.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

For the following reasons, this Court reverses appellant's conviction and remands the case for a new trial if the City is so advised.

## I. BACKGROUND[1]

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On December 5, 2013, Officer Deangelo Freeman ("Freeman") of the Hampton Police Department was dispatched to a Food Lion in response to a report of trespassing on the premises. Upon arrival, Freeman first spoke with the store's manager. According to his testimony at trial, Freeman then "approached [appellant] inside the supermarket and informed him that the manager no longer wanted him on the supermarket premises." Appellant objected to this testimony on the ground "that it was hearsay that the Food Lion manager had barred [appellant] from the Food Lion premises." The trial court overruled appellant's objection. Freeman next testified that appellant left the store, walked around the side of the building, removed his coat, and walked back inside the store. After being confronted by a private security guard, appellant "shouted obscenities," at which point Freeman placed appellant under arrest. Appellant was charged with one count of misdemeanor trespassing, in violation of Hampton Code § 24-33.

At the conclusion of the evidence at trial, appellant moved to strike the evidence arguing, first, that Freeman's testimony about the manager barring appellant from the store was hearsay and, second, that the evidence failed to demonstrate that appellant was barred by a person having

---

[1] Appellant filed a written statement of facts in lieu of a transcript pursuant to Rule 5A:8(c).

authority to do so under Hampton Code § 24-33. The trial court denied appellant's motion and found appellant guilty of trespassing. This appeal followed.

## II. ANALYSIS

### A. Hearsay

On appeal, appellant first contends that the trial court erred by admitting into evidence Freeman's testimony that the Food Lion manager barred appellant from the store's premises. Specifically, he argues that this testimony was hearsay and did not fall within any recognized exception.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jones v. Commonwealth, 50 Va. App. 437, 446, 650 S.E.2d 859, 863 (2007) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16-17, 371 S.E.2d 838, 842 (1988)). "Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations." Id. (quoting Blain, 7 Va. App. at 17, 371 S.E.2d at 842). "A trial court," however, "has no discretion to admit clearly inadmissible evidence because admissibility of evidence depends not upon the discretion of the court but upon sound legal principles." Commonwealth v. Wynn, 277 Va. 92, 97, 671 S.E.2d 137, 139 (2009) (quoting Norfolk & Western Ry. Co. v. Puryear, 250 Va. 559, 563, 463 S.E.2d 442, 444 (1995)).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c). "A statement is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended as an assertion." Va. R. Evid. 2:801(a); see also Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994) ("Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to

- 3 -

show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." (quoting Stevenson v. Commonwealth, 218 Va. 462, 465, 237 S.E.2d 779, 781 (1977))).  Generally, "hearsay evidence is incompetent and inadmissible, and . . . 'the party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'"  Caison v. Commonwealth, 52 Va. App. 423, 431, 663 S.E.2d 553, 557 (2008) (quoting Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992)).

"[I]f," however, "the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule." Evans-Smith v. Commonwealth, 5 Va. App. 188, 197, 361 S.E.2d 436, 441 (1987).  "Therefore, unless a statement is offered to show its truth, the out-of-court statement is not subject to the rule against hearsay and is admissible if relevant."  Bryant v. Commonwealth, 39 Va. App. 465, 473, 573 S.E.2d 332, 336 (2002) (citing Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 826 (1985)).  "Determining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence."  Swain v. Commonwealth, 28 Va. App. 555, 559, 507 S.E.2d 116, 118 (1998).

In the present case, the challenged statement was Freeman's testimony that he approached appellant and "informed him that the manager no longer wanted him on the supermarket premises."  At trial, appellant objected to this testimony, arguing "that it was hearsay that the Food Lion manager had barred [appellant] from the Food Lion premises."

It is not contested that the Food Lion manager's statement barring appellant from the premises constituted an out-of-court "statement" under Virginia Rule of Evidence 2:801(a).  The City, however, primarily contends that this statement was not hearsay because it was not offered

- 4 -

to prove the truth of the matter asserted.[2]  Accordingly, this Court must "determine . . . the purpose for which the [City] offered the statement."  Swain, 28 Va. App. at 559-60, 507 S.E.2d at 118 (examining the "context" of the statement to "determine . . . the purpose for which the Commonwealth offered the statement").

Notably, Hampton Code § 24-33 requires proof that appellant went "upon or remain[ed] upon the" Food Lion premises "*after having been forbidden to do so*."  (Emphasis added).  The truth of the challenged statement was that the Food Lion manager had forbidden appellant from remaining on the store's premises.  The statement of facts merely states that appellant objected to this statement as hearsay, but this "objection was overruled."[3]  Thus, considering the context of the statement, and the fact that the truth of the statement goes directly to proving a required element under Hampton Code § 24-33, this Court holds that it was admitted for its truth and was, therefore, inadmissible hearsay.

Having determined that the trial court erred by admitting the challenged statement, this Court must now address whether this error was harmless.  "No trial is perfect, and error will at times creep in."  Lavinder v. Commonwealth, 12 Va. App. 1003, 1009, 407 S.E.2d 910, 913 (1991) (*en banc*) (quoting Parsons v. Commonwealth, 154 Va. 832, 852, 152 S.E. 547, 554

---

[2] The City also argued, on brief, that Freeman's out-of-court statement to appellant was not hearsay because it was a previous statement by a presently testifying witness.  This argument fails, however, because it has long been the law in Virginia that "prior statements of the presently testifying witness" still constitute hearsay.  Charles E. Friend and Kent Sinclair, The Law of Evidence in Virginia, § 15-5, at 936 (7th ed. 2012) ("Prior statements of a witness are hearsay.  Prior to the 1970s some academics argued that because the declarant is not a trial witness at least the cross-examination concern about hearsay is satisfied.  Neither the federal courts no[r] the vast majority of the states has accepted this view, however.  And Virginia treats prior statements of a witness as hearsay . . . .").

[3] While the reasons that the trial court admitted the testimony are not specified, the statement of facts merely provides that the trial court "overruled" appellant's "hearsay objection," implying that the testimony was admitted for whatever probative value it may have, including its truth.

(1930)).  "Every man is entitled to a fair trial and to nothing more, and so . . . out of the imperative demands of common sense, has grown the doctrine of harmless error."  Id. (quoting Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928)) (omission in original).  As "[t]he effect of an error on a verdict varies widely 'depending upon the circumstances of the case,' . . . [e]ach case must . . . be analyzed individually to determine if an error has affected the verdict."  Id. (quoting Commonwealth v. Story, 383 A.2d 155, 164 (Pa. 1978)).

Code § 8.01-678, Virginia's harmless error statute, provides that

> [w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . (2) For any other defect, imperfection, or omission in the record, or for any error committed on the trial.

Code § 8.01-678 has been applied in both criminal and civil cases.  See, e.g., Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997).  "In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' and whether 'substantial justice has been reached,' a reviewing court must decide whether the alleged error substantially influenced the jury."  Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (quoting Code § 8.01-678).

Accordingly, in Virginia the test for non-constitutional harmless error under Code § 8.01-678 in a criminal case, as adopted by the Supreme Court in Clay v. Commonwealth, is as follows:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected . . . . If so, or if one is left in grave doubt, the conviction cannot stand.

- 6 -

262 Va. at 260, 546 S.E.2d at 731-32 (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 764-65 (1946)).

In the present case, this Court cannot say, "with fair assurance, . . . that the judgment was not substantially swayed by the error." <u>Id.</u> Notably, Freeman's testimony was not that he barred appellant from the premises, but that he informed appellant that the Food Lion manager had barred him from the premises. Accordingly, without this testimony, there is no other evidence to prove that appellant had been "forbidden" from "remain[ing] upon the . . . premises" by a "*person lawfully in charge thereof.*" Hampton Code § 24-33 (emphasis added). Accordingly, the trial court's error was not harmless.

## B. Motion to Strike

Next, appellant argues that the trial court erred in denying his motion to strike. Specifically, he argues that "the evidence failed to prove that [appellant] had been barred from the Food Lion . . . by one of the parties enumerated in Hampton Code § 24-33 as having authority to do so."

Our standard for reviewing the sufficiency of the evidence is firmly established:

> [W]hen the sufficiency of the evidence is challenged on appeal, the evidence and all reasonable inferences fairly drawn therefrom must be viewed in the light most favorable to the Commonwealth. The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it.

<u>Spencer v. Commonwealth</u>, 238 Va. 275, 283, 384 S.E.2d 775, 779 (1989) (citations omitted). Additionally, under this familiar standard of review, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilty beyond a reasonable doubt.'" <u>Williams v. Commonwealth</u>, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant

question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id.

Hampton Code § 24-33 provides that it is a Class 1 misdemeanor for a person to "go upon or remain upon the lands, buildings or premises of another . . . after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof." In the present case, appellant challenges whether Freeman qualified as an individual who had authority under Hampton Code § 24-33 to forbid appellant from entering the Food Lion premises. Notably, appellant does not challenge that the Food Lion manager was a "person lawfully in charge" for the purposes of Hampton Code § 24-33.

Code § 19.2-324.1 provides that when an appeal challenges the admissibility of evidence along with the sufficiency of the evidence to support a conviction, the reviewing court

> shall consider *all evidence admitted at trial* to determine whether there is sufficient evidence to sustain the conviction. If the reviewing court determines that evidence was erroneously admitted and that such error was not harmless, the case *shall be remanded* for a new trial if the Commonwealth elects to have a new trial.

(Emphasis added).

Accordingly, in the present case, this Court considers the erroneously admitted hearsay when considering the sufficiency of the evidence to support appellant's conviction – namely, that the Food Lion manager had barred appellant from the premises. As it is uncontested that the Food Lion manager was a "person lawfully in charge" for the purposes of Hampton Code § 24-33, appellant's second assignment of error fails.

### III. CONCLUSION

While this Court affirms the trial court's denial of appellant's motions to strike, we hold that the trial court abused its discretion by admitting inadmissible hearsay into evidence.

Accordingly, appellant's conviction is reversed and the case is remanded for a new trial if the City is so advised.

<u>Reversed and remanded.</u>