PUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Decker, Judges Humphreys and O'Brien
Argued at Lexington, Virginia


ANTONIO JONES

                                                    OPINION BY
v.        Record No. 1929-18-3        CHIEF JUDGE MARLA GRAFF DECKER
                                                    MARCH 10, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

Sheila Moheb-Khosrovi (Moheb Legal Defense, PLLC, on brief), for
appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Antonio Jones appeals his conviction for aggravated sexual battery of a child at least

thirteen years old but younger than eighteen, in violation of Code § 18.2-67.3.  He argues that the

trial court erred by admitting into evidence the victim's recorded statements about the conduct

constituting the offense made during a conversation with him.  The appellant also contends that

the trial court erred by admitting parts of his recorded statements because they were "misleading

and confusing."  For the following reasons, we affirm the conviction.

## I. BACKGROUND[1]

The appellant's stepdaughter, S.N., accused the appellant of sexually abusing her in 2015 when she was sixteen years old. After S.N. spoke with her mother about the appellant's conduct, she and her mother confronted him about the abuse. S.N.'s mother recorded that conversation on her mobile phone.

Before trial, the appellant moved *in limine* to exclude the entire recorded conversation, arguing that "the tone of [his] voice and his vocabulary" would be "highly prejudicial" and not probative. He also objected on hearsay grounds to the admissibility of the victim's statements on the recording. Regarding the victim's recorded statements, the Commonwealth argued that they were not offered for their truth but instead to "provide[] the context for [the appellant's] response" to her accusation during the conversation. After reviewing the recording, the trial court ruled that portions of it were admissible. It admitted the parts of the recording containing the accusation by the victim and the appellant's statements in response.[2]

At trial, S.N. testified that the appellant entered her bedroom in the early morning before anyone else in the house was awake and "jumped on" her. He kissed S.N. on her "neck and . . . face" and asked her to come into the living room. According to S.N., once in the living room, the appellant continued to molest her and kissed her "neck and [her] breasts." The appellant also rubbed S.N.'s vagina through her clothing.

The Commonwealth introduced into evidence, over the appellant's objection, a redacted version of the recorded conversation between S.N., her mother, and the appellant. This

---

[1] Under the applicable standard of review, this Court reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party below. Lynch v. Commonwealth, 46 Va. App. 342, 345 (2005), aff'd, 272 Va. 204 (2006).

[2] The trial court did not admit most of the recording, including the portions containing discussion about a meeting at church or the arguing between the appellant and the victim's mother.

recording, in its unredacted form, had been the subject of the motion *in limine*. The court overruled the appellant's hearsay objection and admitted the edited recording.

The jury found the appellant guilty of aggravated sexual battery.[3] The trial court imposed the jury's sentence of a term of four years in prison.

## II. ANALYSIS

The appellant contends that the trial court erred by allowing into evidence portions of the recording of a conversation between the victim, her mother, and him regarding the instant offense. The challenge consists of two distinct assignments of error. One relates to the victim's statements, and the other relates to the appellant's own statements.

### A. The Victim's Redacted Statements

The appellant argues that the trial court erred in admitting S.N.'s recorded statements because they were inadmissible hearsay.

"[T]he determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion." Johnson v. Commonwealth, 70 Va. App. 45, 49 (2019) (quoting Henderson v. Commonwealth, 285 Va. 318, 329 (2013)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Du v. Commonwealth, 292 Va. 555, 564 (2016) (quoting Sauder v. Ferguson, 289 Va. 449, 459 (2015)). A reviewing appellate court can conclude that "an abuse of discretion has occurred" only in cases in which "reasonable jurists could not differ" about the correct result. Id. (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)). "[B]y definition," however, a

---

[3] The jury found the appellant not guilty of two additional counts of aggravated sexual battery and one count of indecent liberties with a child.

trial court "abuses its discretion when it makes an error of law." Coffman v. Commonwealth, 67 Va. App. 163, 166 (2017) (quoting Commonwealth v. Greer, 63 Va. App. 561, 568 (2014)).

Here, the recording was the subject of a motion *in limine* and an *in camera* review by the trial court. Ultimately, the court ruled that portions of the recording were admissible. It admitted into evidence a redacted recording of the relevant parts of the conversation among the victim, her mother, and the appellant.

At one point during the edited recording, S.N.'s mother asked S.N. to tell the appellant "what he did" to S.N.[4] S.N. said:

> You was like kissing on me and stuff but it wasn't like when you at least told me to come to the living room and I came to the living room and then you started like kissing on me and like pulled down my shirt and stuff and like messed with my privates . . . .

In response, on the recording, the appellant explained his version of events. The appellant initially said that he did not remember "that stuff" and claimed that he just wrestled with S.N. and gave her a "wedgie." Then he explained that he thought that he did not remember the offense because he had "prayed to the Lord to wipe this stuff out of [his] head." He acknowledged that his conduct went "too far," and he apologized repeatedly. The appellant asserted that he was "not a pervert" or a "pedo[ph]ile."

---

[4] The appellant did not ask the trial court to instruct the jury that the victim's statements on the recording could be considered only for a limited purpose. However, during closing arguments, the prosecutor noted that "what she says in the—recording is not evidence. What she said on the stand is evidence." The prosecutor further argued to the jury, pertaining to the recorded statements: "[W]hat's interesting is the context of that recording. As if she's coming forward and saying . . . a very specific allegation. He kisses on my neck, rubbing on my privates, feeling of my chest. And his response is not—no way, that did not happen. It's—I don't remember that."

- 4 -

Key to our analysis is first whether the victim's statements are hearsay at all. If so, only then does the reviewing court determine whether they fall under an exception to the rule against hearsay.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c). "If a statement is offered for any purpose other than to prove the truth or falsity of the contents of the statement, such as to explain the declarant's conduct or that of the person to whom it was made, it is not objectionable as hearsay." Hamm v. Commonwealth, 16 Va. App. 150, 156 (1993). Accordingly, "[d]etermining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence." Swain v. Commonwealth, 28 Va. App. 555, 559 (1998). "In short, if a statement is not offered for its truth, it is . . . not hearsay . . . ." Bennett v. Commonwealth, 69 Va. App. 475, 489 (2018). In contrast, if evidence is hearsay, it "is inadmissible unless it falls within one of the recognized exceptions" to the rule against hearsay. Melick v. Commonwealth, 69 Va. App. 122, 133 (2018) (quoting McDowell v. Commonwealth, 48 Va. App. 104, 109 (2006)); see also Va. R. Evid. 2:802.

The relevant statements by the victim were made in the context of accusing the appellant of sexual abuse. "[A]n out-of-court statement by a criminal defendant, if relevant, is admissible as a party admission, under an exception to the rule against hearsay." Atkins v. Commonwealth, 68 Va. App. 1, 8 (2017) (alteration in original) (quoting Bloom v. Commonwealth, 262 Va. 814, 820 (2001)). Additionally, however, the law makes clear that "[w]ords which constitute a question or accusation that result in a party admission are not barred by the hearsay evidence rule" at all. Swain, 28 Va. App. at 560 (quoting Atkins v. Commonwealth, 13 Va. App. 365, 368

(1991)).  "A statement offered to provide context to an admission is not hearsay because it is not offered to prove the truth of the matter asserted therein."  Id.

The appellant's statements in the recording were admitted as party admissions, a clear exception to the rule against hearsay.[5]  See Va. R. Evid. 2:803(0).  The victim's statements to him which are at issue here were admissible in order to provide context to those admissions.  See Swain, 28 Va. App. at 560.  S.N.'s statements were not admitted in order to prove the truth of the matter asserted, namely that the appellant kissed S.N. and "messed with [her] privates."  Consequently, those statements were not hearsay.  Therefore, the trial court did not abuse its discretion in admitting the victim's statements in the redacted recording.[6]

### B.  Certain Statements by the Appellant

The appellant contends that the trial court erred in admitting portions of his statements on the redacted recording into evidence because they were "misleading and confusing."  He argues that the omissions of portions of the recording caused his apologies, which remained in the edited recording, to lose their context.  In addition, the appellant suggests that the edits to the redacted version of the recording removed the proper context for his statements that he was tired, that he thought they were "playing[,] [b]ut that went too far," and that he was "not trying to hurt" S.N.

The appellant objected to the admission of his recorded statements prior to trial on the basis that the "tone of [his] voice and vocabulary" were "highly prejudicial" and "without probative value."  He also argued that portions of the recording would place impermissible

---

[5] The trial court clearly ruled that these admissions were admissible evidence.

[6] In light of this conclusion, this opinion does not address the Commonwealth's alternative argument that any error in admitting the recorded statements of the victim was harmless.

emphasis on certain parts of the victim's testimony at trial. The appellant did not, however, object on the grounds that the edited version of the recording would mislead or confuse the jury.[7] In fact, defense counsel acknowledged that the appellant's "voice is recognizable and demonstratively his [voice] would be admissible."[8] The appellant simply did not object to the admission of his statements contained on the redacted version of the recording on the bases that he now raises on appeal.

Rule 5A:18 provides in pertinent part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Of critical importance in this case is the principle that "[n]ot just any objection will do." Bethea v. Commonwealth, 297 Va. 730, 743 (2019) (quoting Dickerson v. Commonwealth, 58 Va. App. 351, 356 (2011)). Instead, "[s]pecificity and timeliness undergird the contemporaneous-objection rule . . . 'so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" Id. (quoting Dickerson, 58 Va. App. at 356). The rule is designed to prevent unnecessary appeals by permitting the resolution of the objection in the trial court, "either because the trial court intervenes with a corrective ruling that accommodates the asserted interests of both sides or because opposing counsel gives a winning explanation that moots the objection altogether." Id. at 744. Therefore, "[m]aking one specific

---

[7] The appellant objected to admission of the portions of the conversation relating to his reaction to the victim's pregnancy by her boyfriend as not being probative. The trial court did not admit these irrelevant parts of the conversation into evidence. The appellant also noted before trial that his offer on the recording to move out of the family home may be related to the pending divorce and not the offenses. However, although he agreed that the proper time for the trial court to consider the admissibility of that offer was during trial, he did not make such an objection when the redacted recording was played to the jury and admitted into evidence with his offer to change residences.

[8] Defense counsel at trial readily acknowledged that the appellant's statement that he thought that they were "playing but that went to[o] far" was admissible.

argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." Hamilton v. Commonwealth, 69 Va. App. 176, 189 (2018) (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004)). Although the objecting party need not cite specific legal authority to the trial court in order to rely on it on appeal, he must present the objection itself with sufficient particularity to permit the judge, if he or she agrees, to take necessary action. See Byrd v. Commonwealth, 50 Va. App. 542, 549 (2007) (citing Lash v. Cty. of Henrico, 14 Va. App. 926, 929 (1992) (*en banc*)).

The appellant failed to raise a timely objection to the introduction of any portion of his statements contained on the edited recording on the specific bases that they were misleading and confusing. Accordingly, the appellant failed to preserve this issue for appeal, and Rule 5A:18 bars this assignment of error.[9]

### III. CONCLUSION

We hold that the victim's statements on the edited recording were admissible as non-hearsay to give context to the appellant's admissions. Further, the challenge to the admissibility of his statements as misleading and confusing is procedurally barred because the appellant did not preserve this objection below. Consequently, we affirm the conviction for

---

[9] Rule 5A:18 contains both a good-cause and ends-of-justice exception. However, the appellant does not contend that either exception to Rule 5A:18 applies, and this Court does not raise those exceptions *sua sponte*. See Edwards, 41 Va. App. at 761, cited with approval in Jones v. Commonwealth, 293 Va. 29, 39 n.5 (2017).

In addition, in light of this holding, we do not address application of the doctrine of approbation and reprobation. See generally Rowe v. Commonwealth, 277 Va. 495, 502 (2009) ("[A] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181 (2006))).

aggravated sexual battery of a child at least thirteen years old but younger than eighteen, in violation of Code § 18.2-67.3.

Affirmed.